## No. 6139.

### THE STATE OF LOUISIANA vs. MICHAEL DeLANEY.

The accused was charged with assaulting and stabbing with a dangerous weapon, to commit murder. The jurisdiction of the Superior Criminal Court, in which the proceedings were had, is limited to offenses for which the punishment may be death or imprisonment at hard labor in the Penitentiary. It is manifest that the court had jurisdiction to try the prisoner under the charge preferred in the indictment, and this jurisdiction could not be ousted by the verdict of the jury, which was, "guilty of assault with a dangerous weapon, and inflicting wounds less than mayhem." Having had jurisdiction of the case, the court had necessarily the power to render the judgment on the verdict found.

The verdict is responsive to the indictment. In the greater offense the intent is to kill; in the smaller offense the intent to kill is wanting. The offense for which the accused is convicted is included in the one charged in said indictment. When an accusation includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime and convict him of the less atrocious, if they find a verdict of guilty of the inferior offense and take no notice of the higher.

APPEAL from the Superior Criminal Court, parish of Orleans. *Steele*, J. *A. P. Field*, Attorney General, for plaintiff and appellee. *James P. O'Reilly*, for defendant and appellant.

LUDELING, C. J. The accused was charged with assaulting and stabbing with a dangerous weapon with the intent to commit murder. The jury returned the verdict following: "Guilty of assault with a dangerous weapon, and inflicting wounds less than mayhem."

A motion in arrest of judgment was made, on the grounds that the verdict of the jury is not responsive to the indictment, and is not within the jurisdiction of the court, which was overruled.

The jurisdiction of the Superior Criminal Court, in which the proceedings were had, is limited to offenses for which the punishment may be death or imprisonment at hard labor in the Penitentiary. It is manifest that the court had jurisdiction to try the prisoner under the charge preferred in the indictment, and this jurisdiction could not be ousted by the verdict of the jury. Having had jurisdiction to try the case, the court

had, necessarily, the power to render the judgment on the verdict found. And it would seem the verdict is responsive to the indictment. In the indictment the accused is charged with assaulting and inflicting a wound with intent to murder; by the verdict he is convicted of assaulting and inflicting a wound, *without* the intent charged. In the greater offense the intent is to kill; in the smaller offense the intent to kill is wanting. The offense for which he is convicted is included in the one charged in the indictment. Mr. Wharton says: "Generally speaking, where an accusation includes an offense of an inferior degree, the jury may discharge the defendant of the high crime and convict him of the less atrocious, and in such case it is sufficient if they find a verdict of guilty of the inferior offense and take no notice of the higher." Wharton's Crim. Law, section 384; Chitty's Crim. Law, 638; Bishop's Crim. Law, sections 885, 887, 888.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.