## No. 625.

### The State vs. Robert Nunn.

An indictment which fails to conclude with the words "against the peace and dignity of the same," i. e., the State, is fatally defective.

APPEAL from the Eleventh Judicial District Court, parish of Lincoln. Trimble, J. Trial by jury.

Robert T. Vaughn, District Attorney, for the State.

J. C. Egan, for defendant.

The opinion of the court was delivered by

Spencer, J. The defendant was indicted, tried, and convicted of murder, and sentenced to death. He has appealed.

The record in this case discloses an almost reckless disregard of the forms of law and the rights of the prisoner. It is admitted —

First—That no counsel was assigned to him until after his arraignment and plea, and after the twelve jurymen had been called into the jury-box, and the first one called up to be sworn.

Second—That the prisoner was brought into court in irons, and kept so during the entire trial.

Third—That after trial and conviction application was made for new trial, alleging the above grounds, and moreover the discovery of new evidence of a most material character, after trial. It was admitted that this evidence was unknown to the prisoner or his counsel at the time of trial. It was also admitted that the prisoner was an ignorant colored man, and supposed and believed that he had an attorney to whom he had in due time given a list of important witnesses; that the attorney had not caused summons to issue for them, because he regarded his employment as only conditional.

The court refused him a new trial.

The prisoner thereupon filed a motion in arrest of judgment, on the

ground that "the constitution of the State (article seventy-nine) requires that all prosecutions shall conclude 'against the peace and dignity of the same,' *i. e.*, of the State. That the indictment in this case concludes 'against the peace and dignity of the —. Robert T. Vaughn, District Attorney, Eleventh District, La.'"

A number of errors on the face of the record are assigned, which it is unnecessary to mention.

The motion in arrest should have been sustained. The indictment is fatally defective in not concluding as required by the constitution, which is peremptory and mandatory. 10 An. 195. But, under the verdict of guilty, on so grave a charge, we can not direct the discharge of the prisoner, and will order him to be retained in safe custody until the next session of the grand jury.

It is therefore ordered, adjudged, and decreed by the court that the sentence and verdict appealed from be set aside and annulled; and it is now ordered that the motion in arrest of judgment be sustained, and the indictment set aside and quashed; and it is further ordered that the prisoner, Robert Nunn, be held in safe custody until after the next term of the grand jury of the parish of Lincoln, to answer such charge as may be preferred against him.