No. 74.

THE STATE OF LOUISIANA VS. HAMP ASKINS.

The accused has the right to waive the constitutional provision of the trial by jury and elect to be tried by the Court. Decision in State vs. White, just rendered, affirmed.

It is not necessary that the Parish in which the offense was committed, should be named in the body of the indictment. The law provides that it is sufficient that it should be named in the margin of that instrument.

The Record showing that the prisoner was *formally* arraigned, the legal and necessary inference is, that he was *present* at the arraignment.

In cases not capital, it is not indispensable that the prisoner be asked if he has anything to say why sentence should not be pronounced. Affirming State vs. Taylor, 27 An. 393.

The presence of the accused during the trial is sufficiently shown by the Record. State vs. White, also affirmed in this particular.

APPEAL from the Twenty-third Judicial District Court, parish of Iberville. *Cole, J.*

*E. B. Talbot*, District Attorney, for the State, Appellee.

*Barrow & Pope* and *Wm. A. Seay* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The defendant was sentenced to nine months imprisonment at hard labor in the penitentiary, after trial before the District Judge, having on his arraignment waived trial by jury and asked to be tried by the court.

From such sentence he has appealed. The main error assigned was the alleged illegality of the trial before the judge from the want of a constitutional provision authorizing the waiver of jury by the accused, and specially warranting trial without jury. This question was disposed of in the case of the State vs. White, just decided, and our decision on this point, for the reasons therein assigned, is adhered to.

In addition to the error mentioned, the counsel for the accused assign the following:

1. " That the information does not show that the crime alleged was committed in the parish of Iberville, the parish in the body of the information being left in blank."

The caption of the information sets forth the State, the parish (Iberville) and the court.

In the body of it is charged "that one Hamp Askins, late of the parish of Iberville, on the 28th July, A. D. 1881, * * * in the parish of ———— aforesaid, and within the jurisdiction of the Twenty-third District Court, in and for the said parish and State."

It might seem that the venue was sufficiently laid, especially in view of the following provision of Sec. 1062 Revised Statutes:

"It shall not be necessary to state any venue in the body of any indictment, but the State, parish or other jurisdiction named in the margin thereof, shall be taken to be the venue for all the facts stated in the body of such indictment," etc.

And also the further provision :

" No indictment for any offense shall be held insufficient * * * for stating offense to have been committed on a day subsequent to the finding of the indictment * * * nor for want of a proper or perfect venue," etc.

Besides, there was no motion to quash, and had there been a defect of the kind charged, it was a mere formal one, and should have been taken advantage of by such motion. There is, therefore, no force in this point.

2. " That the accused was arraigned through counsel, and it does not appear that the accused was present at the time."

The record shows—and we quote from it—the following:

" Accused was formally arraigned, entered the plea of not guilty, asked to be tried by the court, and the case is assigned for Monday the

12th inst.," and by an amendment to the minutes the words were added " accused being represented by counsel, Chas. O. Lauve."

The accused could not have been *formally* arraigned unless he was present.

Bishop thus describes an arraignment and its purpose :

" It consists of reading the indictment to him, and requiring him to say in open court, whether or not he is guilty of what is therein alleged against him."

And again : " The forms in common use direct the prisoner while the indictment is being read to hold up his hand," and this part of the ceremony is stated to be for the purpose of making known the person of the offender to the court.

From this it is apparent that the prisoner could not have been *formally* arraigned, as the record declares, unless he was present in court.

3. The next assignment is that the accused was not allowed time to move for a new trial or in arrest of judgment; and that he was not asked by the judge if he had anything to say why sentence of the law should not be pronounced against him before passing the sentence.

The accused was represented by counsel, and there is nothing in the record to show that any application was made or any wish expressed to move either for a new trial or in arrest of judgment. We cannot presume that there was any denial of the right in this instance in the absence of any evidence or suggestion in the record that such right or privilege was asked for and refused, or further time requested to make such motions. On the contrary, the record shows that there was ample time afforded for such motions if the accused desired to present them, inasmuch as he was tried and convicted on the 12th and not sentenced till the 16th of the same month.

In regard to the prisoner being asked before sentenced, if he had anything to say why the sentence should not be pronounced, and the alleged necessity therefor, the authorities are somewhat divided; but in this State, where this identical question was before the court, it was expressly ruled that such formality was not necessary in a case not capital. State vs. Taylor, 27 An. 393

This ruling is supported by the following authorities: State vs. Ball, 27 Mo. 324; Jeffries vs. Commonwealth, 12 Allen 145, 153; Grady vs. State, 11 Ga. 253; Jones vs. State, 51 Miss. 718.

Under the weight of these authorities we must decline to disturb the ruling above referred to in State vs. Taylor. In capital cases, however, the authorities concur in holding that the ceremony is indispensable, and we will add, a proper one to be observed in all cases, and even in misdemeanors.

We omitted to mention another assignment, which was in relation

to the record not showing the presence of the prisoner during the trial. This question was likewise presented upon a record precisely similar— *ipsissimis verbis*—with the one before us, in the case of the State vs. White, above referred to, and we there held that the presence of the accused was shown with sufficient certainty by entry in question.

For these reasons, and for the reasons given in the case referred to of State vs. White, decided at this term, the judgment and sentence appealed from are affirmed.