## No. 9335.

### THE STATE OF LOUISIANA VS. ROBERT GREEN.

An indictment charging two distinct offenses, belonging to the same given class, in separate counts, is not vicious.

A verdict under such an indictment, acquitting the accused of the greater, and convicting him of the lesser charge, is not erroneous, as not being responsive to the indictment.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*Frank Hebert* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The complaint in this case, presented in a motion for a new trial, and a motion in arrest of judgment, is substantially that the indictment is defective, because it charges two distinct offenses, and further that the verdict is not responsive to the indictment, because the jury found the accused "not guilty of the greater, and guilty of the lesser offense charged."

The indictment contained two counts, and presented the following charges:

1. With stabbing with a dangerous weapon with intent to murder.

2. With inflicting a wound less than mayhem with a dangerous weapon with intent to kill.

The first count involves the provisions of section 791 of the Revised Statutes, which denounces an offense punishable by hard labor or otherwise, for not less than one nor more than twenty-one years.

The second count is predicated on section 794, treating of an offense punishable with hard labor, or otherwise, for a term not exceeding two years nor less than six months, and by a fine not exceeding one thousand dollars.

It is too clear for argument, that both offenses could grow out of the same act. Hence it follows that they are kindred offenses, and belong to the same generic class, and jurisprudence has crystalized the rule that such offenses may be charged in the same indictment, provided they be incorporated in separate counts. No amount of reasoning on our part could settle the rule on more solid grounds than we find it announced and reaffirmed in numerous decisions of this Court. State vs. Malloy, 30 Ann. 61; State vs. Depass, 31 Ann. 487; State vs. Johns, 32 Ann. 812; State vs. Gilkie, 35 Ann. 53.

The contention that the verdict which acquits the accused of the greater offense cannot convict him of the lesser charge, is absolutely groundless. The very reverse results from long established criminal jurisprudence.

We find no error in the proceedings.

Judgment affirmed.