## No. 9451.

### WM. B. SCHMIDT VS. F. E. FOUCHER ET AL.

A member of an ordinary partnership, who contracts a partnership debt and who is the financier and business manager of his firm, and the only member having an individual credit, should he pay this debt with his own money or property, could not legally avoid such payment or the contract connected with it, on the ground of error, the error consisting in not knowing at the date of the contract that he was only bound for his virile share and not the whole of the debt.

A PPEAL from the Civil District Court for the Parish of Orleans.
    Houston, J.

W. S. Benedict for Plaintiff and Appellee.

Chas. Louque for Defendant and Appellees.

The opinion of the Court was delivered by

Todd, J.   On the 13th of November, 1882, the defendant, Frank E.
Foucher, conveyed to the plaintiff, by an act of sale, the property de-
scribed in the petition for the consideration therein expressed of $6000 ·
—one-half cash and the balance in the assumption by plaintiff of a
note in the hands of a third person secured by mortgage on the
property.

The vendor remained in possession of one-half the property—being
a double tenement house in the city of New Orleans—upon an agree-
ment to pay a monthly rent therefor, the other half being under lease,
the rental for which after the sale was paid to the plaintiff.

A short time thereafter, the defendant moved out of the part of the
building occupied by him, and turned over the possession of the same
to his wife co-defendant herein who had, in the meantime, obtained a
separation of property from him—and she leased the same and col-
lected the rents therefor for several months.   This removal and lease
was made without the knowledge of plaintiff who was absent from the
city.

The plaintiff, after an unsuccessful effort to eject the tenant, placed
there by Mrs. Foucher, through a proceeding before a city court,
brought this present suit, wherein he enjoined Foucher and his wife
from interfering with his tenants and collecting rents for the property,
and asked to be declared the owner of it and judgment for the rents
collected by the defendants or either of them.

Foucher, in defense of the suit, alleges substantially that the sale to
plaintiff was made in error, induced by the fraudulent representations
and devices of the plaintiff, and ask that the same be declared a null-
ity, and the plaintiff be compelled to account for the rents received
for the property since the sale.

Mrs. Foucher, as an additional defense, claimed a right to the pos-
session of that part of the property for which she was collecting rents,.
under an agreement with her husband, by which the property or its
rents and revenues had been turned over to her by her husband in
part satisfaction of her judgment against him.

There was judgment declaring plaintiff the owner of the property

and perpetuating the injunction and condemning the defendants to pay the rents collected by them, and further decreeing that the sale in question was a sale with the right of redemption and requiring plaintiff to re-convey the property to Foucher upon the payment by him to plaintiff of a sum specified in the judgment.

From this judgment the defendants have appealed.

It seems to be conceded by both parties that the conveyance in question was a sale with the right of redemption. It would be difficult under the evidence to construe it otherwise. The circumstances giving rise to or preceding the contract were these:

The plaintiff was a member of the commercial firm of Schmidt & Ziegler, who were creditors of Downey, Foucher & Co., an ordinary partnership of which the defendant Foucher was a member.

When the debt of the latter had grown to be about $3000, the creditors demanded security for their debt before further advances were made. Foucher first proposed to give them a mortgage on the property, the subject of this controversy, and with this understanding Schmidt & Ziegler furnished further supplies to Downey, Foucher & Co., who were at the time contractors for building the bridge across Lake Pontchartrain for the Northeastern Railroad Company, until the debt amounted to about $6600. It was then ascertained by the plaintiff representing his firm that there was a mortgage on the property in question amounting to $3000. Thereupon it was agreed by the parties that instead of a mortgage there should be a sale of the property, and plaintiff as part of the price which was fixed at $6000, should assume the payment of the mortgage. This was carried out by the act in question with the understanding that upon the payment of the debt owing by Foucher's firm the property should be conveyed to him.

The error charged by the defendant Foucher as a ground for annulling the sale, consists in the fact that, as a member of an ordinary partnership, he was only bound for one-third of the partnership debt and his virile share thereof amounted only to $2200, whereas he paid with his property by said sale $3000, and the contract was based on the hypothesis that he was bound for the entire debt. That it was not until his firm was subsequently sued for the balance of this debt, that he was informed of his error. To this he swears as a witness on the trial and the plaintiff testifies also that such was his belief when the sale was made.

The evidence shows that Foucher was the only member of his firm that has a credit, that he attended chiefly to the financial affairs of the firm and in procuring the advances and supplies required to carry on its business, and that it was to him alone that plaintiff looked for the payment of his debt. That he gave repeated assurances that the debt should be secured and ultimately paid. Besides we are satisfied from the nature of the operations in which the defendants' firm was then

engaged with the railroad company, and the necessity of sustaining its credit and obtaining the required help and until its contract could be completed and the work done, that he (Foucher) would not have hesitated to advance his own money and means to secure the accomplishment of an object of such vast importance to himself and his associates. In fact to maintain the credit of his firm till this object could be achieved was doubtless the main consideration for his contract. Besides he could legally mortgage or sell his own property to pay the debt of another even were he entirely without interest. Had he as the moneyed man and financier of the firm made this payment on the debt with his own money instead of his property, he could not, as we conceive, have recovered it back, and we can discover no difference between the two modes of payment.

Under the circumstances, we conclude that such alleged error was insufficient to avoid the contract.

Mrs. Foucher has no claim whatever on this property, either as to title or possession. It is not pretended that she had any mortgage or privilege on it when transferred to the plaintiff; and from the record of her suit against her husband, which is in evidence, we discover that the very foundation of her demand against him was that he had sold this identical property to plaintiff and used the money obtained for it, and that the lot on which the house was built belonged to her—thus asserting a claim in that suit which would exclude the right or interest in the property set up in this. If her husband had sold the property to plaintiff, as she alleges, how could he afterwards convey any right therein to her?

We are satisfied that both the title and actual possession of the property was passed by the conveyance in question to the plaintiff.

The counsel for defendants suggests an error in the judgment requiring him to pay to plaintiff, as one of the conditions to the reconveyance of the property, a judgment against him in favor of Schmidt & Ziegler, being for the balance of the same debt on which the payment was made by the sale in question, Semhidt & Ziegler not being parties to this suit. Plaintiff being a member of that firm, a payment to him would suffice to extinguish the judgment in favor of the firm and would fully protect Foucher, and we see no reason to change the decree in this respect.

We note that the appeal in this case is devolutive, and that the time allowed in the judgment of the lower court for the redemption of the property has expired. We think that it would be proper to grant a

further term to the defendant to exercise this right. The time granted for that purpose is thirty days from the day this judgment, now rendered, becomes final.

It is therefore ordered and decreed that the judgment of the lower court be amended by extending the time therein allowed for the redemption of the property for the space of thirty days from the time; this decree becomes final, and as amended it be affirmed.

Rehearing refused.