State vs. Wilson.

---

39  203
45 1432
39  203
51  934

## No. 9812.
### THE STATE OF LOUISIANA VS. HENRY WILSON.

Sections 790 and 791 R. S. are designed to punish a generic offense—shooting with a dangerous weapon, with intent to commit murder, and they define its grades.
In certain circumstances death is the penalty; in others hard labor is inflicted.
The sections may be regarded as one law justifying a verdict under either.

APPEAL from the Ninth District Court, parish of Concordia.
Young, J.

---

*M. J. Cunningham*, Attorney General, and *Hugh Tullis*, *District Attorney*, for the State, Appellee:

1. When the crime prohibited by one statute is greater in degree and includes the crime punished by the other statute, the greater crime denounced in a single count necessarily embraces the prosecution of the lesser crime, for which, therefore, the accused may be convicted under the count. 35 Ann. 734; 6 Ann. 286.

2. The verdict, being "the finding of lay people," need not be framed under the strict rules of pleading, or after any technical form. Any words which convey the idea to the common understanding will be adequate. And all fair intendments will be made to

support it, ＊ ＊ ＊ ＊ ＊ ＊ if it sufficiently finds anything, whether for or against the defendant. 1 Bish. Crim. Pro. Section 1005.

*G. F. Bowles and Flam & Luce,* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　On the indictment presented in this case, the jury returned the following verdict:

"We, the jury, find the accused, Henry Wilson, guilty of shooting Chas. Zerkosky with a pistol, with intent to kill and murder."

The district judge sentenced the accused to ten years at hard labor.

From the verdict and sentence the defendant appeals.

The Record contains several bills of exceptions and a motion in arrest of judgment.

The bills are to the charge of the court and to the refusal of the district judge to give certain special charges.　They all rest on the assumption that the defendant could not be convicted of a crime *lesser* than that charged in the indictment, a theory which the trial judge would not accept.

Sections 790 and 791 of the Revised Statutes are to be considered under the issues presented.

Section 790 reads as follows: ＊.

"If any person lying in wait, or in the perpetration, or attempt to perpetrate any arson, rape, robbery, or burglary, shall shoot, stab or thrust any person with a dangerous weapon, with intent to commit the crime of murder, he shall, on conviction thereof, be punished with death."

Sec. 791 provides, that: "Whoever shall shoot, stab or thrust any person with a dangerous weapon, with intent to commit murder under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor, or otherwise, for not less than one nor more than twenty-one years."

Those two sections, for a proper understanding, have to be considered together, as it is impossible to ascertain under what circumstances a conviction under Sec. 791 can take place without consulting Sec. 790, which, by the reference made to it, by Sec. 791, forms part of it.

Both sections were evidently designed to punish a general offense, viz: "Shooting with a dangerous weapon, with intent to commit murder," defining its grades.　But as the act or offense might be aggravated, when done by one lying in wait, or in the perpetration, or attempt to perpetrate, arson, rape, robbery or burglary, the first section

provides that on conviction the penalty shall be death; and, as the act or offense might be committed under other circumstances, of less gravity, the second section provides that, on conviction, the punishment shall be hard labor only.

For the purposes of prosecution, the indictment needed not to be framed necessarily under the first section to secure conviction under the second section; for the same reason that, on an indictment for murder, a verdict of manslaughter can be legally found and returned.

The two sections may be treated as one and the same law, justifying a verdict under either the first or the second section, the moment that the jury find a state of facts under either.

Similar views have been entertained in germane cases. State vs. Gregory, 33 Ann. 738; State vs. Frances, 38 Ann. 387. What was said in the Scott case, 38 Ann. 387, on the question of *form* of the indictment there does not in the least militate against the ruling now alluded to in the Frances case.

It is true the jury did not find the accused guilty as charged, which, had they done so, would have warranted the infliction of death. From the fact, however, that they omitted those words, or a statement of facts found by them, it is inferable that they negatived the circumstances constituting an offense under section 790, and that they found the accused guilty under the second section.

Such was the construction put by the district judge, who instead of sentencing the defendant to death, merely condemned him to hard labor for a *medium* term, of which he here complains with little grace. State vs. Stouderman, 6 Ann. 286; State vs. Green, 37 Ann. 382; 30 Ann. 313, 116, 215, 1173; 28 Ann. 434; 40 N. Y. 1, 348; Bishop Cr. L. 7 ed., vol. 1, sec. 794; Ib. vol. 1, sec. 1005; Wharton, Cr. L. 384.

The record does not show that any illegal evidence was received.

These views are a sufficient answer to the motion in arrest, which charges that the accused was found guilty of no crime under the laws of Louisiana; that the verdict was not responsive to the indictment or the charge of the court; that it does not set forth the facts and elements constituting the crime for which they find.

As to the objection that the verdict does not find that the shooting was done with a dangerous weapon, it suffices to remark that it says that the shooting was done *with a pistol,* and that a pistol *eo nomine* is declared by law to be a dangerous weapon. Sec. 932 R. S. See, also, State vs. Jackson, 37 Ann. 467.

Judgment affirmed.