State vs. McDonald.

---

No. 10,049.

THE STATE OF LOUISIANA VS. A. J. McDONALD.

39  959|
51 1090|

39  959|
52  212|

An indictment containing the charge of an "assault with an intent to commit murder," and a charge of "inflicting a wound less than mayhem" is not vicious for duplicity—as the two offenses can grow out of the same act, are kindred offenses and were incorporated in separate counts.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*M. J. Cunningham*, Attorney General, and *D. C. Scarborough*, District Attorney, for the State, Appellee.

*W. G. McDonald* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   Under an indictment charging the defendant with an assault with intent to commit murder, and also with inflicting a wound less than mayhem, he was convicted of the latter offense, and his appeal presents two questions embodied in a motion in arrest of judgment.

1st.   His first point is that the indictment is bad for duplicity, as the the two offenses charged therein are not kindred.

It is quite apparent to our minds that the two offenses could grow out of the same act, hence they are kindred, and therefore they could be charged in the same indictment; provided, they be incorporated in separate counts.

The identical point was made and considered in the case of Robert Green, 37 Ann. 382.   We can but repeat here what we said in that case.

" The indictment contained two counts, and presented the following charges :

1.   With stabbing with a dangerous weapon with intent to murder.

2.   With inflicting a wound less than mayhem with a dangerous weapon with intent to kill   *   *   *   It is too clear for argument that both offenses could grow out of the same act.   Hence it follows that these are kindred offenses, and belong to the same generic class, and jurisprudence has crystalized the rule that such offenses may be charged in the same indictment; provided, they be incorporated in separate counts.   No amount of reasoning on our part could settle the rule on more solid grounds than we find it announced in numerous decisions of this Court.   State vs. Malley, 30 Ann. 61 ; State vs. Depass, 31 Ann. 487 ; State vs. Jobey, 32 Ann. 812; State vs. Gilkie, 35 Ann. 53."   See also State vs. Pierce, 38 Ann. 92.

2d.   The second point made by the counsel for the accused is that the charge incorporated in the second count of the indictment is not accurately, fully and sufficiently set forth.

His contention is that:   "The count states that he, defendant, did in and upon the body of Manheim assault with a dangerous weapon, commonly called brass-knucks, and did wound less than mayhem," etc.   And it is therein argued that the count does not specify on whom the wound was inflicted.

A reference to the indictment has led us to the conclusion that defendant's counsel, usually painstaking and correct in his pleadings and assertions, must have quoted the passage hereinabove transcribed, from the wrong indictment. The second count in the indictment under consideration reads as follows:

" And the grand jurors aforesaid do further present that A. J. McDonald, at and in the parish, district and State aforesaid, on the day and date aforesaid, in and upon the body of H. Manheim, wilfully, maliciously and feloniously did inflict a severe wound less than mayhem with a dangerous weapon called a brass-knuck."

We fail to perceive any ground for the slightest doubt as to the person on whom the wound is charged to have been inflicted.

There is no force in either of the contentions suggested by the record and the indictment was properly sustained by the district court.

Judgment affirmed.