## No. 11,144.

### THE STATE OF LOUISIANA VS. ALBERT WRIGHT AND JIM DAVIS.

Act 35 of 1880 is not in conflict with Act 29 of the Constitution of the State.

There is no connection between Act 35 of 1880 and Act 44 of 1877. The first is for the selection of jurors, at other terms than regular jury terms, to try cases provided for in Act 7 of the Constitution. The second act provides for the drawing of juries generally.

In a motion for a new trial we will not notice complaints to the testimony of a witness, when they have not been objected to at the time and a bill reserved.

APPEAL from the Sixth District Court, Parish of Richmond. *Ellis, J.*

*M. J. Cunningham*, Attorney General, and *M. J. Cunningham, Jr.*, for the State, Appellee.

*P. H. Toler* for Defendant and Appellant.

The opinion of the court was delivered by

MCENERY, J. The defendants were indicted for larceny. Wright was convicted and appealed. There was a mistrial as to Jim Davis.

The defendant Wright attacks the constitutionalty of Act 35 of 1880; and complains of the overruling of his motions for a new trial, and in arrest of judgment.

Article 7 of the Constitution of 1879 provides "that in cases where the penalty is not necessarily imprisonment at hard labor or death the General Assembly may provide for the trial thereof by a jury less than twelve in number."

To carry out this constitutional provision Act 35 of 1880 was enacted by the General Assembly. The title of the act is " to provide for the trial of offences where the penalty is not necessarily imprisonment at hard labor or death." The ground of attack is that the title of the act does not embrace the several objects alleged to be contained in the act, and therefore violates Act 29 of the Constitution. There is but one object in the act and that is to provide for the trial of offences in accordance with the provisions of Art. 7 of the Constitution. In relation to such offences the act confines itself exclusively to the manner of their trial and the duties of the several officers mentioned in the act are directed solely to this one object.

If there is anything in Act 35 of 1880 in conflict with Art. 937, R. S., as alleged by defendant, it was certainly repealed by the former act, as Sec. 5 of the act repealed all laws or parts of laws contrary to or inconsistent with the act.

Objection is made in the motion in arrest of judgment to the number of the jury that tried the accused. He ought to have made his objection before announcing himself ready for trial and accepting the jury. It is too late to urge it after he has taken his chances for acquittal.

But Act 35 of 1880 authorized the special jury for such cases as are enumerated in Act 7, and Sec. 3 of the act authorizes the judge to designate the number of jurors to be drawn. Act 44 of 1877 has no relation whatever to Act 35 of 1880. The first is for the selection of jurors to try cases generally, and Act 35 is for the selection of jurors at terms other than regular jury terms for the trial of all cases where the penalty is not necessarily imprisonment at hard labor or death. Under the act it was not necessary to publish the names of the jurors, as it does not require it. The objection that no person can be convicted and sentenced to hard labor by a jury less than twelve is answered by the provisions of Art. 7 of the Constitution, quoted above.

The motion for a new trial alleges that the verdict was contrary to the law and the evidence and the basis of this seems to be that certain testimony of the district attorney was permitted to go to the jury. It was not excepted to at the time and a bill reserved. We can not therefore notice it.

Judgment affirmed.