## No. 13,147.

### STATE OF LOUISIANA VS. WESTLEY THOMPSON.

#### SYLLABUS.

1. Cutting and stabbing with intent to murder, and wounding less than mayhem, while separate and distinct offences, may be cumulated in one presentment, provided each is charged in a separate count.
2. Bill of information as here drawn held to set forth two counts, and that one of said offences was averred in each.
3. Not necessary to conclude each *count* of a presentment with the formula "contrary to the form of the Statute, etc." It suffices if the indictment or information concludes with it. So concluding, the formula is held to apply to each count of the bill.

APPEAL from the 18th Judicial District Court for the Parish of Lafourche.—*Caillhouet, J.*

*M. J. Cunningham,* Attorney General, and *L. C. Moise,* District Attorney, for Plaintiff, Appellant.

*John S. Billiu* for Defendant, Appellee.

Submitted on briefs April 22, 1899.

Opinion handed down May 1, 1899.

---

The opinion of the court was delivered by

BLANCHARD, J. An information was filed against the accused charging him with cutting and stabbing with intent to kill and murder, and with inflicting a wound less than mayhem.

These are separate and distinct offenses, though kindred.

Cutting and stabbing with intent to commit murder is actionable under Section 791 of R. S., as amended by Act 43 of the Acts of 1890.

Inflicting a wound less than mayhem is actionable under Section 794 of R. S., as amended by Act 17 of the Acts of 1888.

The two may be cumulated in one indictment or bill of information, provided each is charged in a separate count. 39 La. Ann. 959; 32 La. Ann. 1294; 42 La. Ann. 978.

Whether they are charged in separate counts is an issue in this appeal.

The first part of the bill recites that the district attorney gives the court "to understand and be informed that Westley Thompson * * * on the 27th day of December, in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms * * * did feloniously, wilfully and of his malice aforethought, with a dangerous weapon, to-wit—a knife and hatchet, stab, cut and thrust one Artemise Thompson with intent her, the said Artemise Thompson, then and there feloniously, wilfully and of his malice aforethought to kill and murder."

The end of a sentence, full stop, or period, is here, and then follows another sentence concluding the bill, as follows:—"The District Attorney further gives the court to understand and be informed that the said Westley Thompson on the day aforesaid, in the month and year aforesaid, and in the parish and State aforesaid, the said Westley Thompson in and upon the said Artemise Thompson, with a dangerous weapon, to-wit:—a knife and hatchet, did inflict a wound less than mayhem, contrary to the form of the statute of the State of Louisiana in such cases made and provided and against the peace and dignity of the same."

Appended is the signature of the district attorney.

The bill is indorsed "State of Louisiana vs. Westley Thompson—

Information—1st Count, cutting with intent to murder; 2nd Count, inflicting wound less than mayhem."

The jury which tried the accused returned this verdict:—"Guilty, 1st charge; guilty, 2nd charge."

A motion for new trial having been overruled, counsel for defendant filed one in arrest of judgment on the ground that the information is defective because of illegal joinder of offenses, and bad for duplicity.

This motion the court a qua sustained, and the State appeals.

We think it clear that the bill contains two counts and that one separate offense is charged in each count.

The authority relied on by counsel for the accused, State vs. David Johns, 32 La. Ann. 812, is not in point. There was in that case but *one count* charging the same two distinct offences which, in the instant case, are charged *in separate counts*.

A test as to whether or not there are separate counts in this bill, and distinctive offenses averred in each count, is presented when the inquiry is made—could the jury have found the accused guilty as to one offense and not guilty as to the other? Undoubtedly this could be done as the bill is drawn. And if such had been the verdict, the prisoner would be sentenced for that offense for which convicted under the section of the Revised Statute applicable to the same, and, of course, not sentenced for the other offense as to which he was acquitted and relative to which the penalty prescribed in another section of the law applies.

Having been convicted, however, on both counts—a separate verdict as to each count being returned—there is nothing in the way of the trial judge passing upon the accused the sentence of the law for each of the offenses he has committed.

Each count in the bill states and charges unmistakably and with certainty the offense with which it deals. So that the accused was thoroughly and distinctly informed and advised why and to what extent he was in jeopardy. There was no duplicity here, and no illegal joinder of offenses.

Another issue raised is, there being two separate counts in the bill, each count should conclude with the words:—"against the peace and dignity of the same."

Article 90 of the Constitution of 1898 is an exact reproduction of Art. 86 of the previous Constitution. It directs that: "All prosecu-

tions shall be carried on in the name and by the authority of the State of Louisiana, and conclude:—'Against the peace and dignity of the same.' "

The concluding words of this bill of information were:—"Contrary to the form of the statute of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the same." But this formula was not used in concluding *each* count. It appears only at the end of the bill.

The question is, is that count of the indictment bad which did not conclude with the formula aforesaid?

It is settled in the negative.

In State vs. Scott, 48th La. Ann. 294, the point was made that the first count in the bill was defective in not ending with the words: "contrary to the form of the statute of the State of Louisiana in such cases made and provided." As to this the court said:—"The concluding words of the information necessarily referred to the several counts therein, and their repetition after each count would be useless tautology."

In State vs. Travis et al., 39th La. Ann. 356, there was a motion in arrest of judgment on the ground that the information contained one charge against some of the accused as principals in the crime, and another charge against others as accessories before the fact, and each charge did not conclude with the words "contrary to the form of the statutes and against the peace and dignity of the State." While the opinion of the court does not say so precisely, we conclude, from the language used, that there were two counts in the indictment, one charging the principals, the other charging the accessories. The *syllabus* speaks of "each count." The formula "contrary to the form of the statutes, etc." was found at the close of the indictment. This was held to suffice.

We think this ruling sustained by reason and adhere to it.

For the reasons assigned, it is ordered and decreed that the judgment appealed from, sustaining the motion in arrest of judgment, be avoided and reversed, and it is now ordered that the motion in arrest be overruled and the case remanded with instructions to pronounce the sentence of the law upon the accused.