(85 South. 396.)

No. 14,894.

STATE v. GREEN.

(Nov. 16, 1903.)

CRIMINAL LAW—APPEAL—REVIEW.

1. In a criminal case this court cannot review questions of fact upon which the jury has passed, nor questions of the admissibility of evidence to which objection was not timely made.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

Edward Green was convicted of embezzlement, and appeals. Affirmed.

Jeremiah John Foley, for appellant. Walter Guion, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and St. Clair Adams and Samuel A. Montgomery, Asst. Dist. Attys., for the State.

PROVOSTY, J. Defendant was convicted on an information charging him with having embezzled some money. belonging to Brooklyn Lodge, Grand United Order of Odd Fellows, a corporation, of which he was the secretary. He was refused a new trial, and he has appealed.

The corporate existence of Brooklyn Lodge, etc., was proved by parol, the witnesses testifying that it was a corporation; that it had a charter from the parent organization in England, and also had been incorporated by notarial act under the laws of Louisiana. It was also shown that defendant was a member of the lodge.

Defendant made no objection to the proceedings until the state had closed its case. He then objected that the state had not proved Brooklyn Lodge to be a corporation, and that, until this proof had been made, he should not be required to proceed with the case. The judge ruled that whether this proof had been made or not was a question for the jury. To this ruling defendant reserved a bill.

The verdict having gone against defendant, he applied for a new trial on the ground that there had been a fatal variance between the allegation and the proof in regard to the Brooklyn Lodge being a body corporate—a fact essential to be established; that this indispensable proof had not been made, and that, in its absence, the crime charged was not established, because, as appeared by the evidence, defendant was a member of Brooklyn Lodge, and, if the society was not incorporated, then he was a part owner of the money in question, and, as a consequence, the money was not susceptible of being made the subject of embezzlement by him.

On the new trial both the charters referred to by the witnesses were produced. It was found that the name of the corporation created by the notarial act is "District Grand Lodge No. 21, Grand United Order of Odd Fellows of the State of Louisiana." Defendant took the position that the corporation thus created is a different body from Brooklyn Lodge, etc., alleged in the information to have been the owner of the money.

The judge a 'quo refused the new trial, holding that it had been sufficient for the state to prove, the de facto existence of the corporation, and that the proof could be made by parol, as has been done; and that besides defendant was estopped from contesting the corporate character of Brooklyn Lodge, his relation with it having been in its character of a corporation.

If by this objection, made before verdict, defendant had meant that no evidence whatever—literally none at all—had been offered to establish the corporate character of Brooklyn Lodge, and that until some such evidence had been offered he should not be required to proceed with the case, or, in other words, the case should not be given to the jury, a question of pure law would have been raised by the objection, namely, the question of whether, in the absence of all evidence on an essential point, the court should send the case to the jury; and if, by bringing up with his bill of exception the whole of the evidence as it had been given to the jury, he could have shown to this court that in point of fact the case was absolutely barren of evidence on the point in question, the ruling of the court in sending the case to the jury might possibly have furnished matter for the attention of this court. But since, in point of fact, the witnesses testified to the corporate character of Brooklyn Lodge, defendant could not have meant that no evidence at all. of whatever kind, had been offered to the jury, but he must necessarily have meant that

the evidence offered was illegal, or insufficient, or untrue. The latter being the scope of the objection, this court cannot review the ruling sending the case to the jury. The jurisdiction of this court in criminal cases is restricted to questions of law, and the questions as to the verity or sufficiency of the evidence are purely of fact. The question of the legality of the evidence we could have examined only if objection had been timely made to the admission of the evidence. After verdict it is too late to be raising questions as to the legality or admissibility of the evidence. State v. Wright & Davis, 45 La. Ann. 57, 12 South. 129; State v. Hobgood & Stafford, 46 La. Ann. 855, 15 South. 406.

With the question raised on the new trial, namely, whether the corporate character of Brooklyn Lodge was in fact proved, this court can have nothing to do. Whether such proof was made or not is a question the jury dealt with. It is a question of fact not within the cognizance of this court.

Judgment affirmed.