MONROE, J.
Defendant was prosecuted under a bill of information charging, in separate counts, burglary, with intent to steal, and larceny, committed at the same time and place; and, having been found “guilty as charged,” was sentenced to five years’ imprisonment at hard labor. I-Ie filed motions in arrest of judgment and for new trial, and in this court assigns as error that he was tried for larceny by a jury of 12, whereas that offense, not being, necessarily, punishable at hard labor, is required by the Constitution to be tried by a jury of 5.
[1] The article of the Constitution which is thus invoked, so far as it need be here quoted, as, also, part of article 117, read as follows:
“Art. 116. * * * All cases in which the punishment may not be at hard labor shall, until otherwise provided by law. which shall not be prior to 1904, be tried by the judge, without a jury. Cases in which the punishment may be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict; cases in which the punishment is, necessarily, at hard iabor, by a jury of twelve, nine of whom, concurring, may render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict.
“Art. 117. * * * The district judges shall have authority to try, at any time, all misdemeanors and, when the jury is waived, all cases not, necessarily, punishable at hard labor, and to receive pleas of guilty in cases less than capital.”
The laws enacted under the Constitution of 1868 authorized the trial of offenses, the penalties for which were not, necessarily, imprisonment at hard labor or death, by the parish courts, when juries were waived, and the Constitution of 1879 (article 7) specifically authorized the General Assembly to provide for the trial of such cases by juries of less than twelve, which authority was exercised in the passing of Act No. 35 of 1880, providing that all trials of such offenses (i. e., offenses not, necessarily, punishable at hard labor or by death) should be by juries composed of five persons; the accused being accorded the right to waive the juries and be tried by the judges. In a case arising under, and governed by, the constitutional and legislative enactments last above referred to, our predecessors in this court said:
“The object which they (the lawmakers) had in view is very apparent; it was to secure the chances of a speedy trial to the accused and to relieve the parishes of the enormous expense and great inconvenience of drawing, summoning, and impaneling large numbers of juries, five or six times a year.” State v. White, 33 La. Ann. 1218; State v. Askins, 33 La. Ann. 1253; State v. Wright and Davis, 45 La. Ann. 57, 12 South. 129.
We have, more than once, expressed the same opinion in regard to the provisions of article 116 of the present Constitution; and, accordingly, in a case which was decided nearly, or quite, 10 years ago, where, in one count, the defendant was charged with an offense, necessarily, punishable at hard labor, and where it was thought by the trial judge that the jury of twelve, nine concurring, could not convict of an offense which was said to be included in that charged, and which of itself, was triable before the judge, it was held that article 116 of the Constitution was not intended to abrogate or change the rule that, when an accusation of crime includes an offense of inferior de *803 greq, the jury may discharge the defendant of the higher crime and convict him of the less atrocious. State v. Fruge, 106 La. 694, 31 South. 323. In a later case the defendant was charged, in separate counts: (1) With breaking and entering a dwelling house, in the daytime, with intent to steal; and (2) with larceny, committed at the same time and place. And, having been found guilty on both counts, moved in arrest of judgment, on the ground that the two offenses could not be prosecuted under the same information, for the reason that the burglary was triable by a jury of twelve, nine of whom concurring could bring in a verdict, whilst the larceny was triable by a jury of five. The district attorney thereupon entered a nolle prosequi as to the charge of larceny, and the defendant was sentenced for the burglary, alone, to which he objected, alleging that he was entitled to have the entire conviction set aside; but the trial judge overruled the objection, saying that all the evidence heard by the jury was admissible to prove “intent” on the charge of burglary, which ruling was sustained by this court, on the ground, specifically stated, that the nolle prosequi was properly allowed, and, having been allowed that:
“There remained nothing for the objection that defendant had been deprived of the privilege of being tried on that charge (larceny) by a jury of five, to rest upon, even if there had been a foundation for it originally.”
This court then went on to say that the larceny in question, being ungraded by Act No. 107 of 1902, § 5, was necessarily punishable at hard labor; and, further, that the case would have been the same if it had not been so punishable, as, to quote the language:
“We do not understand that article 116 of the Constitution of 1S98 so changed the law regulating the methods of procedure in criminal cases as to prevent the trial, under the same indictment or information, of offenses that might, previously, have been tried in that manner.” State v. Perry, 116 La. 231, 40 South. 686.
There was, no doubt, error in the statement that the larceny was necessarily punishable, “under R. S. 812,” at hard labor, since the punishment prescribed by that section is imprisonment, “at hard labor, or otherwise,” and the present writer, as the organ of the court, overlooked the words “or otherwise.” The error was, however, immaterial to the judgment, which, as we have seen, was predicated on other grounds.
It is obvious that it requires a greater expenditure of time and money to attain results in criminal prosecutions by means of trials by juries of twelve, where all must agree, than by such juries, where nine, concurring, may bring in the verdicts; that juries of twelve, where nine, concurring, may bring in the verdicts, are slower and more expensive than juries of five; that results are facilitated and expenses reduced when the juries of five are waived, or when, without such waivers, the judges try the cases. From which, and from common knowledge upon the subject, we are satisfied that the purpose, and the only purpose, of the framers of the Constitution, in providing the different methods of trial thus mentioned, was to facilitate, expedite, and reduce expense in the administration of criminal justice. It is equally obvious that such purpose would be defeated if, in the many cases in which the charge of a higher crime includes or may have joined with it that of a lower, the tribunal having jurisdiction of the former may not convict of the latter. If the construction sought to be placed upon the article in question be correct, a defendant, charged with murder, cannot be convicted of manslaughter, since, in such case, conviction of manslaughter is acquittal of murder; but the conviction of manslaughter may be by a jury of twelve, nine concurring, and acquittal, like conviction of murder requires the *805 unanimous vote of twelve jurors. The law, however, requires, and this court, before and since the adoption of the present Constitution, has held it to be the law, that in all trials for murder it is the duty of the judge to instruct the jury that they may convict of manslaughter. R. S. § 785; State v. Brown, 40 La. Ann. 728, 4 South. 897; State v. Brown, 41 La. Ann. 410, 6 South. 670; State v. Clark, 46 La. Ann. 704, 15 South. 83; State v. Wright, 104 La. 45, 28 South. 909; State v. Hicks, 113 La. 779, 37 South. 753; State v. Parks, 115 La. 765, 40 South. 39; State v. Cook, 117 La. 116, 41 South. 434; State v. Hinchen, 126 La. 39, 52 South. 185.
Act No. 35 of 1880, to which we have referred, provides:
“Section 1. * * * That it shall be the duty of the sheriff, immediately after the arrest and conviction of any person charged with an offense, not necessarily punishable by imprisonment at hard labor or death, to notify the district attorney of such arrest.”
Section 2 authorizes the district attorneys to file informations in the clerks’ offices.
Section 3 authorizes the judges to order special juries for the trial of the case contemplated by the act.
“See. 4. That, in all trials held under the provisions of this act, said trial shall be' before a jury composed of five persons; provided, that the accused may waive a trial by jury and be tried by the court. * * * "
It was therefore clearly within the contemplation of the act that the offenses of the class mentioned in section 1 should be tried by juries of five, or by the judge. We, however, find no case in which it was held, or even contended, that, where such an offense was included in an indictment or information charging an offense of a higher class, whether in one count, or more, the tribunal vested With jurisdiction quoad such higher offenses was without jurisdiction to convict, as the evidence might warrant either of the higher or the lower offense so included. And the reason is apparent. The act was intended to secure speedy trials, in the class of cases to which it refers, and to relieve the public of the expense of maintaining persons charged therewith during the delays incident to prosecutions according to the pre-existing methods, and it would have been unreasonable so to construe it that, where, upon a trial for a higher offense, the lower offense was proved, the trial should go for nothing, and the accused should be remanded, to be tried over again in accordance with its provisions. Hence we find (the act notwithstanding) that offenses necessarily punishable at hard labor were prosecuted as before, and that the juries of twelve impaneled to try them were, uniformly and without question, considered competent to convict of the lower offenses included in the prosecutions, the punishment for which was not, necessarily, imprisonment at hard labor or death; and the same practice has prevailed since the adoption of the present Constitution. State v. Gilkie, 35 La. Ann. 53; State v. Green, 37 La. Ann. 382; State v. Pierre, 38 La. Ann. 93; State v. Wilson, 39 La. Ann. 203, 1 South. 418; State v. McDonald, 39 La. Ann. 960, 3 South. 92; State v. Cook, 42 La. Ann. 90, 7 South. 64; State v. Mason, 42 La. Ann. 714, 7 South. 668; State v. Price, 45 La. Ann. 1430, 14 South. 250; State v. Scott, 48 La. Ann. 294, 19 South. 141; State v. Wren & Harville, 48 La. Ann. 803, 19 South. 745; State v. Thompson, 51 La. Ann. 1089, 25 South. 954; State v. Jones, 52 La. Ann. 211, 26 South. 782.
Under the Constitution of 1868, the General Assembly had established, in New Orleans, a tribunal known as the “Superior Criminal Court,” the jurisdiction of which was limited to offenses for which the penalty might be death or imprisonment at hard labor, and a party, having been prosecuted before it for an offense within its jurisdiction, and found guilty of an inferior offense, which, considered separately, was not within its *807 jurisdiction, objected that the conviction was illegal. It was, however, held by our predecessors in this court as follows:
“It is manifest that the court had jurisdiction to try the prisoner under the charge preferred in the indictment, and this jurisdiction could not be ousted by the verdict of the jury. Having had jurisdiction to try the case, the court had, necessarily, the power to render the judgment, on the verdict found, and it would seem the verdict is responsive to the indictment. In the indictment the accused is charged with assaulting and inflicting a wound, with intent to murder; by the verdict he is convicted of assaulting arid inflicting a wound without the intent charged. In the greater offense, the intent is to kill (murder); in the smaller offense, the intent to kill is wanting. The offense for which he is convicted is included in the one charged in the indictment. Mr. Wharton says: ‘Generally speaking, where an accusation' includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime and convict him of the less atrocious, and, in such ease, it is sufficient if they find a verdict of guilty of the inferior offense and take no notice of the higher.’ Wharton’s Cr. Law, § 384; Chitty’s Cr. Law, 638; Bishop’s Cr. Law, §§ 885, 887, 888.” State v. De Laney, 28 La. Ann. 434.
In a later case, coming up from the same tribunal, it appeared that the defendant had been charged, in two counts, (1) with breaking and entering a certain shop, in the nighttime, with intent to steal (an offense within the jurisdiction of the court), and (2) with actual stealing (an offense not within such jurisdiction); and had been found guilty, on the second count, of petit larceny, whereupon his counsel filed a motion in arrest of judgment, on the ground (inter alia) that the court was without jurisdiction. Dealing with that question, Mr. Justice Spencer, as the organ of this court, said:
“The other objection, that the verdict of petit larceny divested the Superior Criminal Court of jurisdiction, can hardly be considered serious. The jurisdiction of courts in criminal matters is governed by the offense charged or penalty imposed, just as that of civil tribunals is governed by the amount in dispute. If, on account of the absence of some ingredient of the offense charged, the offense is reduced to a less penal one, of a kindred nature, the court may sentence for the lesser offense, although an indictme.nt for that offense could not have been, originally, entertained by it; just as a civil court may, on trial of a demand for a greater, give judgment for a lesser, amount than its jurisdiction originally embraces.” State v. Malloy, 30 La. Ann. 61.
Our conclusion upon the question which we have been considering, then, is that article 116 of the Constitution has no such application to criminal prosecutions, in which, under established jurisprudence, the charge of a higher, includes, or may have joined with it, in the same indictment or information, that of a lower, offense, as to prevent the tribunal having jurisdiction of such higher offenses from convicting of such lower offense, so included or joined; and that the opinions upon that question, heretofore handed down, in the cases of State v. Fruge, 106 La. 694, 31 South. 323, and State v. Perry, 116 La. 231, 40 South. 686, should be affirmed.
[2] Burglary, with intent to steal, and larceny, committed at the same time and place, though distinct offenses, are so intimately connected that they may be charged, as a single offense, in the same count, and, a fortiori, may be charged in separate counts of the same indictment. Where they are charged in a single count, there can be but one penalty imposed, i. e., for the burglary, with intent to steal, or for the larceny, as the evidence may warrant, and, if there be a general verdict of guilty, the proper course would seem to be for the district attorney to enter a nolle prosequi as to the charge of larceny and ask that the accused be sentenced for the burglary alone. Clark's Cr. Pr. p. 280, note; Wharton’s Or. Law (-Ed.) vol. 3, p. 3184.
Where, as in this case, the offenses are charged in separate counts, but are parts of the same transaction, and there is a general verdict of guilty, the more approved practice is to follow the same course as where the charge is made in one count, although, as the one offense does not include the other — as assault and battery necessarily includes assault — it could hardly be considered reversible error, if, in such case, the *809 trial judge were to impose a cumulative sentencé.
“A single count may charge that defendant broke and entered the dwelling house with intent to commit therein a felony, as, for example, larceny, and committed it; not, necessarily, is all this only one offense, but the prosecuting power may treat it'as such.” Bishop’s New Cr. Pr. vol. 1, p. 439.
[3] “Sentence. — In reason, since the breaking and entering, with intent, and the actual stealing, do not, when charged in one count, render it double, the sentence, on conviction for the whole so charged, can only be for burglary, or for larceny, not for both, and, accordingly, the adjudications are that, when so charged, it can only be for burglary, though it may be for both when the two are in separate counts, and, by some, even when in one count.” Id. p. 144.
“On an indictment containing two counts relating to the same transaction, where a general verdict of guilty is rendered, such a verdict is, in effect, a finding as to both counts, the lesser crime being thus merged in the greater, and judgment must be for the greater.” Wharton’s Cr. Law. (-Ed.) vol. 1, p. 421.
“Whether, when two distinct offenses are joined and the defendant is found guilty on each count, there can be a lumping sentence on the whole, has been doubted. But, where the verdict of guilty is general, on the whole indictment, the law, though after much faltering, is now settling to the position that it,is at the discretion of the judge trying the case to sentence according to the evidence. If the evidence shows the highest charged to have been committed, then the judge can sentence for such offense, and his decision is not reviewable in error, as the court of errors cannot tell from the record what were the offenses on which the jury rested the verdict. For the same reason, the judge, when several offenses are proved, and there -is a general verdict of guilty, may impose a cumulative sentence for the aggregate of all the offenses. But this supposes that the counts describe separate offenses. Otherwise there can be properly no sentence except for the punishment proper for a single count, for it would be monstrous to say that the judge can impose on the defendant the aggregate penalties of two offenses when the offenses are virtually identical. We may illustrate this by noticing the effect of a general verdict of guilty on an indictment for assault and battery, supposing the offenses have been committed by the same act. The law imposes certain penalties for assault and battery, which penalties are designed to cover the assault as well as the battery. To sentence the defendant to the penalties for assault and battery, as averred in the second count, would expose him to double punishment for the same offense. * * * Yet it equally stands to reason that, where two distinct offenses are coupled in the same indictment, and there is a general verdict of guilty, then a cumulative punishment can be imposed, or, according to the Pennsylvania practice, which is more exact, a distinct punishment on each count.” Id. vol. 3, p. 3397.
As the learned author says there is one penalty imposed by law for assault and battery; hut- there may be an assault without battery (though no battery without assault), and it would be inflicting double punishment to sentence for assault alone, and then to sentence for the same assault associated with .battery. In the matter of burglary and larceny, neither offense is included in the other, though the two may be prosecuted as one when they form parts of the same transaction. There is, however, nc> single penalty for the two offenses, when so prosecuted, and the sentence on conviction must impose the penalty affixed to the one, or the other, or the aggregate of the two. As we have stated, the more approved practice is to impose the penalty appropriate to the higher offense.
Referring to another work upon the subject, we find the following:
“ *. * * While the issue with reference to the intent is as to the intent entertained at the time of breaking and entering, and not as to the actual commission of the crime, after breaking and entering, yet the actual commission of the crime, in the building, after breaking and entering it, is the best evidence of the intent which accompanied the breaking and entering. It is so held with reference to larceny. And therefore, by common-law precedents, it is proper to allege the breaking and entering and the commission of larceny, on the theory that the allegation of the commission of the act is a sufficient allegation of the intent to commit it. * * *
“But the question arises in such cases as to whether, under an indictment for burglary, alleging the commission of larceny, as indicating the intent, there can be a conviction for both burglary and larceny, or for larceny alone. As two offenses cannot properly be charged in the same count, it is evident that there cannot be a conviction under one count for both burglary and larceny, and a general verdict of guilty, under such indictment, will constitute a conviction for burglary, though it is not so specified in the verdict itself. * * * The burglary and the larceny are distinct offenses and may be prosecuted separately, and a prosecution for larceny will not bar a subsequent prosecution for burglary. In jurisdictions where two *811 distinct felonies may be charged in different counts of the same indictment, burglary and larceny may be joined in separate counts, and it is said a conviction may be had for each, though in most states, where such practice is allowed, the conviction can be for but one of the offenses.” McClain’s Cr. Law, vol. 1, pp. 506, 511.
In the instant case, the sentence imposed is much lighter than might have been imposed for the burglary, with intent to steal, charged in the first count of the indictment, and we find no reason to disturb it.
Judgment affirmed.