O'NIELL, J., being absent from the state, takes no part in the decision of this case.

---

(94 South. 378)

No. 25385.

## STATE v. ANDERSON.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟨⟩252(2)—**Affidavit charging misdemeanor in city court must conclude with constitutional recital that the acts were against the peace and dignity of the state.**

As the city court of Alexandria has concurrent jurisdiction with the district court in the trial of misdemeanors, affidavits filed in such cases in that court by the district attorney are necessarily criminal prosecutions, within Const. art. 7, § 1, providing that all prosecutions shall conclude "against the peace and dignity of the same."

2. **Criminal law** ⟨⟩252(2)—**Affidavit in city court, not concluding as required by Constitution, held fatally defective.**

An affidavit in a city court for possessing intoxicating liquors was fatally defective, where, instead of concluding as prescribed by Const. art. 7, § 1, it concluded with the words "contrary to the statutes of the state of Louisiana, and prays that he be arrested and dealt with according to law."

Appeal from City Court of Alexandria; Al Hundley, Judge.

Henry Anderson was convicted of, possessing intoxicating liquors for beverage purposes for sale, and he appeals. Sentence and conviction set aside, motion in arrest of judgment sustained, indictment quashed, bond canceled, and defendant discharged.

[3] 153 La. ——.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Cocô, Atty. Gen., E. A. O'Sullivan, Special Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. Defendant was charged by affidavit filed by the district attorney of the Thirteenth judicial district in the city court, Alexandria ward, parish of Rapides, with having in his possession for sale intoxicating liquors for beverage purposes. He was convicted and sentenced to pay a fine of $500, and to serve 60 days in the parish jail, and, in default of payment of fine, to imprisonment in jail for four months additional.

After conviction and prior to sentence, defendant filed a motion in arrest of judgment on a number of grounds, only one of which we deem it necessary to notice. Defendant alleges in said motion that said charge is not brought in the name of the state of Louisiana, and is wanting in these essentials of form provided for all indictments, etc., under the Constitution of the state of Louisiana of the year 1921.

Section 1 of article 7 of said Constitution ordains that—

"All prosecutions shall be carried on in the name and by the authority of the state of Louisiana, and shall conclude: 'against the peace and dignity of the same.'"

[1, 2] The city court of Alexandria has concurrent jurisdiction with the district court of the parish of Rapides in the trial of misdemeanors, and affidavits filed in such cases in the former court by the district attorney are necessarily criminal prosecutions of equal rank with similar prosecutions in the district court, and take the place of informations filed by that officer in the latter court.

The Constitution of 1921 has not excepted prosecutions by affidavit in criminal cases in city courts from the requirement that they shall conclude, "against the peace and dignity of the state," as section 1 of article 7 of our organic law declares that "all prosecutions" shall be thus concluded, and we are therefore powerless to withdraw an affidavit made in a criminal case from inclusion within this constitutional requirement. The affidavit in the present case concludes—

"contrary to the statutes of the state of Louisiana, and prays that he be arrested and dealt with according to law."

In the case of the State v. Robert Nunn, 29 La. Ann. 589, the indictment concluded, "against the peace and dignity of the ———," and this court held that an indictment which fails to conclude with the words, "against the peace and dignity of the same," i. e., the state, is fatally defective, as the constitutional requirement is peremptory and mandatory, and sustained a motion in arrest of judgment in that case. The decisions of this court in State v. Jacob Thomas, 30 La. Ann. 301, State v. Jesse Scott, 48 La. Ann. 293, 19 South. 141, State v. Russell, 33 La. Ann. 135, and State v. Thompson, 51 La. Ann. 1092, 25 South. 954, all recognize that the phrase "against the peace and dignity of the state" is sacramental in concluding an indictment or information, but is not required to be inserted at the end of each count in an indictment. The motion in arrest should have been sustained.

It is therefore ordered, adjudged, and decreed by the court that the sentence and conviction appealed from be set aside and annulled; and it is now ordered that the motion in arrest of judgment be sustained and the indictment set aside and quashed, and that defendant's bond be canceled, and that he be discharged in this case.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.