(96 South. 120)

No. 25663.

STATE v. WARNER.

(April 2, 1923.)

(Syllabus by Editorial Staff.)

1. District and prosecuting attorneys ⚖══7(1)— Statute as to representing state held to apply only to "district" courts.

Act No. 96 of 1880, requiring district attorneys outside Orleans parish to attend sessions of the courts, and represent the state in all civil and criminal actions, refers to district courts, and not to city courts created under Const. 1898, art. 96.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (of Justice).]

2. District and prosecuting attorneys ⚖══7(1)— Not required to initiate prosecutions in city courts.

Act No. 227 of 1910, requiring district attorneys to represent the state in criminal prosecutions in city courts, does not require district attorneys to initiate such prosecutions.

3. Criminal law ⚖══1166(1)—Defendant cannot complain that district attorney does not appear for state.

If district attorney fails to appear in behalf of state in criminal prosecution before city court, as required by Act No. 227 of 1910, accused, to whom he owes no duty, cannot complain.

4. Criminal law ⚖══252(1)—Affidavit by private citizen will support prosecution in city court.

Under Const. 1921, art. 1, § 9, and Act No. 96, of 1921 (Ex. Sess.) § 2, authorizing criminal prosecutions in city court of Alexandria on affidavit, affidavit by private citizen is sufficient basis for prosecution.

Appeal from City Court of Alexandria; Al Hundley, Judge.

Bob Warner was convicted of unlawfully possessing intoxicating liquor, and he appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

ROGERS, J. Appellant was charged by affidavit filed in the city court of the city of Alexandria with unlawfully possessing for sale intoxicating liquor for beverage purposes in violation of Act No. 39 of the Special Session of the Legislature for the year 1921. The trial resulted in the conviction of defendant, who was sentenced to pay a fine of $500 and to serve 60 days in jail, and, in default of payment of the fine, to suffer imprisonment for an additional term of 6 months.

Defendant has appealed from this conviction and sentence.

There are five bills of exception in the record, but, as only one of these bills is urged and discussed before this court, we assume that the others have been abandoned by the appellant.

In a motion in arrest of judgment, defendant challenges the affidavit filed against him on the following grounds: (1) That the charge was not made by any person authorized to prosecute; (2) that it was not made by any person authorized to represent the state of Louisiana; and (3) that the affidavit was not signed and the charge was not preferred by the district attorney or any authorized assistant.

It is not disputed by the learned counsel for appellant that a charge made by an individual may form the basis of a criminal prosecution; his contention is, however, that an affidavit so made can serve as the foundation only for an indictment or information, and that no one except a district attorney or a grand jury, when properly qualified, has the power to make or sign any charge upon which a trial can be had in any of the courts of this state.

In support of his contention counsel cites Act No. 96 of 1880, which provides that district attorneys (the parish of Orleans excepted) shall attend the sessions of the courts in their respective districts, "and shall represent the state in all civil and criminal actions," and Act No. 227 of 1910, providing "that it shall be the duty of the district attorneys throughout the state to represent the state in all criminal prosecutions" in city courts.

[1] Act No. 96 of 1880 clearly has reference to district courts alone. This is its declaration in explicit terms, and it could have no other meaning, since city courts outside of the parish of Orleans were not created until after the express authority granted therefor by article 96 of the Constitution of 1898.

[2, 3] Under the provisions of Act No. 227 of 1910 district attorneys are not required to initiate criminal prosecutions before the city courts. The mandate of the statute is merely that they shall represent the state in all criminal prosecutions before those courts. The evident intent of the legislation is to insure the state proper representation in criminal prosecutions before the city courts, whether the district attorney is the author of the charge, or whether the prosecution is the result of an affidavit by a private citizen. If a district attorney fails to appear in behalf of the state in a criminal prosecution before a city court, the state may have cause for dissatisfaction; but certainly the accused, to whom he owes no duty, cannot be heard to complain.

[4] The authorization for the proceeding by affidavit is found in section 9, art. 1, of the Constitution of 1921 and section 1 of Act No. 96 of the Extra Session of 1921, applicable to the city court of Alexandria. Inasmuch as there is no constitutional nor statutory prohibition against the making of such an affidavit by a private citizen, it follows that, when so made, the affidavit furnishes sufficient basis for the ensuing prosecution. State v. Cruse, 152 La. 983, 94 South. 907.

Judgment affirmed.