151 LOUISIANA REPORTS

(91 South. 738)

No. 25062.

STATE v. CRUSE et al.

In re CRUSE.

(April 22, 1922.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤◯1090(1)—Reserving of bills of exceptions not prerequisite to appeal.

The Supreme Court may annul a verdict or sentence not only on an exception taken to a ruling of the trial judge, but on an assignment of error filed in that court or for error patent on the face of the record; and hence the reserving of bills of exceptions in the trial court is not a prerequisite to the right to appeal from the verdict or sentence.

St. Paul, J., dissenting.

Stafford Cruse and others were convicted of an offense, and the defendant named applies for a writ of mandamus to compel the granting of an appeal. Alternative writ and rule to show cause made absolute.

Hakenyos, Hunter & Scott, of Alexandria, for applicant.

By the WHOLE COURT.

O'NIELL, J. The only question in this case is whether the defendant, having been convicted in a criminal prosecution, and sentenced for a penalty of which this court has appellate jurisdiction, is entitled to an appeal without having reserved a bill of exceptions to any of the proceedings in the trial court. The case was tried in the city court of Alexandria.

The question is answered by the statement that this court may annul a verdict or sentence, not only on an exception taken to a ruling of the trial judge, but on an assignment of errors filed in this court, or for an error patent on the face of the record.

The relator in this case has annexed to his petition, praying for a writ of mandamus to compel the granting of an appeal, an assignment of errors, which he requests us to pass upon in this proceeding. Whether there be such error in any case is to be determined when the case has been submitted on appeal. It is sufficient to say that the reserving of bills of exception in the trial court is not a prerequisite to the defendant's right to appeal from the verdict or sentence.

The alternative writ of mandamus heretofore issued, and the rule to show cause why it should not be made peremptory, are now made absolute, and accordingly it is ordered that relator be granted an appeal to this court.

ST. PAUL, J. I dissent. This court is without jurisdiction, as no fine has as yet been actually imposed; nor can any be actually imposed until defendant's sentence has first been affirmed by the district court to which an appeal lies on the whole case.

LECHE and THOMPSON, JJ., take no part.