(92 South. 127)

No. 25194.

**STATE v. BULLOCH.**

(May 15, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors ☞202—Information not charging sale was for beverage purpose fatally defective.**

Under Act No. 39 of 1921, prohibiting the sale of intoxicating liquors for beverage purposes, an information charging that defendant willfully and unlawfully sold intoxicating liquors, but not alleging that they were sold for beverage purposes, is insufficient.

2. **Indictment and information ☞110(2)—Statutory language or equivalent language must be followed.**

In prosecutions for statutory offenses, the indictment or information must follow the language of the statute or language equivalent to that used in the statute.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Henry Bulloch was convicted of selling intoxicating liquors, and he appeals. Verdict and sentence set aside, information quashed, and accused discharged.

Ponder & Ponder, of Franklinton, for appellant.

A. V. Coco, Atty. Gen., M. J. Allen, Dist. Atty., of Amite, and T. S. Walmsley, of New Orleans, for the State.

By the WHOLE COURT.

THOMPSON, J. The defendant appeals from a conviction and sentence for violating Act No. 39 of 1921, known as the "Hood Bill." The information filed by the district attorney charges that the defendant "willfully and unlawfully did sell intoxicating liquors." It was urged in a motion in arrest of judgment, among other things, that the information did not set out any offense known to the laws of the state of Louisiana. The motion was overruled, and a bill of exception was reserved.

[1, 2] The act under which the prosecution is had prohibits "the sale," etc., of intoxicating liquors for "beverage purposes," while the charge against the accused is that he sold intoxicating liquors, without the additional necessary element "for beverage purposes." It is elementary that in all prosecutions for statutory offenses the indictment or information must follow the language of the statute or language equivalent to that used in the statute.

In State v. Ackerman, 51 La. Ann. 1213, 26 South. 80, it was said that an indictment under a statute ought with certainty and precision charge the defendant with having committed the acts under the circumstances and with the intent mentioned in the statute. If any of the ingredients are missing, the indictment is not good. The information in this case did not follow the language of Act 39 of 1921. The failure to add the words "for beverage purposes" or any other words having an equivalent meaning was a fatal defect.

It is therefore ordered, adjudged, and decreed that the verdict and sentence be set aside, that the information be quashed, and the accused discharged.