(94 South. 372)

Nos. 25610, 25612, 25613, 25609.

### STATE v. MOUNT.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ⚘215—Indictment charging merely sale of spirituous and intoxicating liquors is bad.

An indictment charging merely that defendant willfully and unlawfully sold and retailed spirituous and intoxicating liquors is subject to motion to quash as not charging any offense denounced by the law.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Crow, Judge.

Joe Mount, Sam Jones, W. A. Givens, Jr., and Jim Breazeale were convicted of offenses, and they appeal. Sentence and conviction in each case set aside, motion to quash sustained, bond canceled, and defendant discharged.

T. S. Price, of Ruston, for appellants.

A. V. Coco, Atty. Gen., S. L. Digby, Dist. Atty., of Farmerville (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. The above cases have been consolidated for decision, as the issue presented in each is similar. The indictment in each case charges that the defendant "did willfully and unlawfully sell and retail spirituous and intoxicating liquors."

Each defendant filed a motion to quash the indictment returned against him, on the ground "that the said indictment does not charge or define any crime or offense denounced or known under the laws of the state of Louisiana."

This motion was overruled, and each of the above-named defendants was tried, convicted, and sentenced to pay a fine of $500 and to serve 60 days in jail, and, in default of payment of fine, to serve additional imprisonment in said jail for 6 months.

The motion to quash was well founded, for the reasons assigned in the cases of State of Louisiana v. Homer Heckford et al. (Nos. 25534 and 25611 on the docket of this court) ante, p. 730, 94 South. 371, and this day decided.

It is therefore ordered, adjudged, and decreed that the sentence and conviction appealed from in each of the above cases be set aside and annulled; and it is now ordered that the motion to quash filed in each of the above cases be sustained and that the indictment be set aside and quashed; and it is further ordered that the bond of each defendant in each of the above cases be canceled and that each of said defendants be discharged.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.