LAND, J.
The indictment returned in each of the above-consolidated cases by the grand jury charges that the defendant “did will *731 fully and unlawfully make, distill and manufacture spirituous and intoxicating liquor.”' After conviction and before sentence, each defendant filed a motion in arrest of judgment on the ground:
“That said indictment does not charge or define any crime or offense denounced or known to the laws of Louisiana.
• [1] Section 1 of article 18 of the Constitution of the United States, known as the Federal Prohibition Amendment, declares that—
“After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby 'prohibited.” (Italics ours.)
Section 2 of said article provides that—
“The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation.”
In pursuance of the authority thus conferred, the Legislature of this state passed the Hood Act (Act 39 of 1921). Section 1 of this act provides:
“Be it enacted by the Legislature of Louisiana, that no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for beverage pwposes. No person shall manufacture, sell or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for nonbeverage purposes, unless he shall be the holier of a legal permit therefor from proper federal authorities.” (Italics ours.) 1
It is therefore clear, from the two paragraphs of section 1 of A<;t 39 of 1921, that the offense therein denounced consists in the first paragraph of “manufacturing intoxicating liquors for beverage purposes,” and in the second paragraph of “manufacturing intoxicating liquors for nonbeverage purposes,” without being the holder of the necessary legal permit therefor from the proper federal authorities.
[2] The indictment in each of these cases fails to charge that the defendant manufactured intoxicating liquor, either for “beverage purposes,” or for “nonbeverage purposes,” without obtaining the required per.mit. The mere 'manufacture of intoxicating liquors is not made an offense under the Hood Act, unless done for the specific purposes therein designated. The indictment, therefore, charges no offense under the statute, and the overruling of the motion in arrest by the trial judge was erroneous, as the defect in the indictment is patent upon its face and is one of omission of the sacramental words of the act, “for beverage purposes,” or for “nonbeverage purposes,” etc.
In the cases of State v. Bulloch, 151 La. 593, 92 South. 127, and of State v. McAllister, 151 La. 595, 92 South. 128, we held that—
“Under Act No. 39 of 1921, prohibiting the sale of intoxicating liquors for beverage purposes, an information charging that defendant willfully and unlawfully sold intoxicating liquors, but not alleging that they were sold for beverage purposes, is insufficient.”
Each defendant was sentenced in each of the above cases to pay a fine of $500 and cost and to 60 days’ imprisonment in jail, and, in default of the payment of the fine, to serve an additional 6 months in jail.
It is therefore ordered, adjudged, and decreed ' that the sentence and conviction appealed from in each of the above cases be set aside and annulled; and it is now ordered that the motion in arrest of judgment filed in each of the above cases be sustained, and that the indictment be set aside and quashed; and it is further ordered that the bond of each defendant in each of the above cases be canceled and that each of said defendants be discharged.
O’NIELL, J., being absent from the state, takes no part in the decision of the case.