been maintained as against C. V. McMillan to the extent hereinabove indicated.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed in so far as it dismisses plaintiff's suit as against the defendants, Mrs. Ada M. McMillan, Henry Kalsched and Adam Hafer, and that it be set aside in so far as it dismisses the suit as against C. V. McMillan: and it is now ordered, adjudged, and decreed that the plaintiff, Hugh W. Whatley, have judgment against C. V. McMillan for the sum of $810, with 5 per cent. per annum interest thereon from October 5, 1920, date of judicial demand, and for the costs of this suit.

O'NIELL, J., being absent from the state takes no part in the decision of this case.

———

(94 South. 906)

No. 25406.

STATE v. CRUSE et al.

(Dec. 29, 1922.)

(Syllabus by Editorial Staff.)

1. Criminal law ⊚⟶252(2)—Affidavit not concluding as required by Constitution fatally defective; "prosecution."

While the city court of Alexandria has jurisdiction of misdemeanors, and may try them on affidavits, such proceedings on affidavits for an offense against the state are "prosecutions" within Const. 1921, art. 7, § 1, requiring prosecutions to be carried on in the name of the state, and conclude "against the peace and dignity of the same," and an affidavit not so concluding is fatally defective.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prosecution.]

2. Criminal law ⊚⟶252(2)—Affidavit need not formally aver that prosecution is in name and by authority of the state.

Though Const. 1921, art. 7, § 1, requires all prosecutions to be carried on in the name and by the authority of the state, it does not require a formal averment in the affidavit to that effect.

3. Criminal law ⊚⟶252(1)—Affidavit may be made by private citizen.

While Const. 1921, art. 7, § 1, requires prosecutions to be carried on in the name and by the authority of the state, when prosecution is authorized by affidavit, the affidavit may be made by a private citizen in the absence of legislative or constitutional provision to the contrary, in view of Const. 1921, art. 1, § 9, and Act No. 96 of Extra Session of 1921, § 2, applicable to the city court of Alexandria.

4. Intoxicating liquors ⊚⟶198—Affidavit, not charging possession or transportation for beverage purposes or without permit, insufficient.

Under Act No. 39 of Extra Session of 1921, §§ 1 and 3, an affidavit for transporting or possessing intoxicating liquor charges no offense when not charging that the liquor was transported or possessed for beverage purposes, or possessed for sale for such purposes, or possessed or transported for nonbeverage purposes without the proper permit.

5. Intoxicating liquors ⊚⟶198—Transporting and selling intoxicating liquor should be charged as separate counts of affidavit.

Under Act No. 39 of Extra Session of 1921, §§ 1, 3, the charge of unlawfully transporting intoxicating liquor and a charge of selling it are for distinct offenses, subject to different penalties, and should be contained in separate counts of the affidavit.

Appeal from City Court of Alexandria; Al Hundley, Judge.

Stafford Cruse and another were convicted of possessing and transporting intoxicating liquor, and the defendant named appeals. Conviction, sentence, and judgment set aside, and case remanded.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. Stafford Cruse and Frank Smith were charged by affidavit in the city court of Alexandria with having had in their possession, and with having transported within the state of Louisiana, intoxicating liquor,

in violation of Act No. 39 of the special session of the Legislature for the year 1921. Both defendants were convicted, and each was sentenced to pay a fine of $500, and to serve 60 days in jail, and, in default of paying the fine and costs, to serve four months additional in the parish jail.

Cruse alone moved for an appeal from the sentence imposed, but his motion was denied by the court below. He then applied to this court for a writ of mandamus to require the judge a quo to grant the appeal, and in due course the writ issued, and later was made peremptory. State v. Cruse et al., 151 La. 287, 91 South. 738. In obedience to that decree, the court below granted the appeal.

Cruse reserved no bill of exceptions in the trial court, nor did he file a motion to quash or one in arrest of judgment, but in this court he has filed an assignment of errors.

[1] One of the errors assigned is that the affidavit, upon which the conviction was had, does not conclude with the expression "against the peace and dignity of the same" (meaning the state). The affidavit does not so conclude, and the failure to have so concluded it is fatal to its validity. While the city court of Alexandria has jurisdiction to try misdemeanor cases, and may try them on affidavits, yet such proceedings on affidavits are as much prosecutions as are similar proceedings by bills of information or indictment, and must comply with the constitutional requirements for all prosecutions. Section 1 of article 7 of the Constitution of 1921 provides that—

"All prosecutions shall be carried on in the name and by the authority of the state of Louisiana, and shall conclude: 'against the peace and dignity of the same.'"

The prosecution in this case being one for the violation of a state law, that is, for an offense against the state, the affidavit should have been concluded as directed by the Constitution, and the failure to have so concluded it is fatal. State v. Nunn, 29 La. Ann.

589; State v. Anderson (La.) No. 25385, ante, p. 749, 94 South. 378.

It is also urged that the affidavit is fatally defective, because it does not disclose that the prosecution is being conducted "in the name and by the authority of the state of Louisiana," and because the affidavit was made by one having no authority to represent the state, or at least by one who did not disclose such authority, if he had it.

[2, 3] While the Constitution provides, as we have above seen, that "all prosecutions shall be carried on in the name and by the authority of the state of Louisiana," yet that instrument does not require a formal averment, in the affidavit or indictment, to that effect. State v. Russell, 2 La. Ann. 604. It is sufficient that the prosecution be in fact conducted in the name and by the authority of the state. When the prosecution is authorized to be conducted under an affidavit, the affidavit may be made by a private citizen, in the absence of any legislative or constitutional provision to the contrary, and there appears to be none. See section 9 of article 1 of Constitution of 1921, and section 2 of Act 96 of Extra Session of 1921, applicable to the city court of Alexandria.

[4] It is further assigned as error that the affidavit does not charge that the intoxicating liquor was possessed for beverage purposes, or for sale for such purposes, and further, that no offense at all is charged.

As the affidavit does not charge that defendant either transported or possessed the liquor for beverage purposes, or that he possessed it for sale for such purposes, or that he even possessed or transported it for non-beverage purposes, without the proper permit, but is silent in these respects, it is clear that the affidavit charges no offense. Sections 1 and 3 of Act 39 of 1921; State v. Bulloch, 151 La. 593, 92 South. 127.

[5] It may be said in conclusion that, in preparing a new affidavit, as the charge of unlawfully transporting the intoxicating liq-

uor, etc., and that of selling it, etc., are each distinct offenses, and are subject to different penalties, they should be charged in separate counts, and not in the same count.

It is unnecessary to consider the remaining assignments, as they are either included in those disposed of, or else they are not well founded.

For the reasons assigned, it is ordered, adjudged, and decreed that the conviction, sentence, and judgment appealed from be annulled and set aside, and that this case be remanded, to be proceeded with according to law.