(94 South. 908)

No. 25647.

**STATE v. LARRIVIERRE.**

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ⬳202—Information not alleging sale for beverage purposes or for nonbeverage purposes without permit is fatally defective.

Act No. 39 of Extra Session of 1921, §§ 1 and 3, only prohibit and penalize the sale of intoxicating liquors for beverage purposes, or for nonbeverage purposes, without the proper permit, and an information failing to allege that the sale was for beverage purposes or for nonbeverage purposes without a permit is fatally defective.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; Wm. Campbell, Judge.

Leonce Larrivierre was convicted of selling and disposing of intoxicating liquor, and he appeals. Conviction and sentence annulled, and case remanded.

George P. Lessley, of Lafayette, for appellant.

A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. Defendant was charged with having sold and disposed of intoxicating liquor in his possession to Willis Hopkins and Julien Levy. He was tried and convicted. He appealed to this court, and the appeal resulted in the setting aside of the conviction and sentence, and in the remanding of the case to be proceeded with according to law. State. v. Leonce Larrivierre (No. 25139) 151 La. 399, 91 South. 778. On the second trial defendant was again convicted; and from that conviction he has also appealed.

Prior to sentence defendant filed a motion in arrest of judgment, which was overruled. It is necessary to consider only one of the several grounds alleged in that motion, as only one is urged in this court. In fact, the other grounds are not good.

The fourth ground, which is the one we find necessary to consider, is based on the averment that the bill of information does not allege that defendant sold the intoxicating liquor for beverage purposes, nor does it allege that he sold it for nonbeverage purposes without being the holder of a legal permit therefor from the proper federal authorities.

The bill of information should have set forth the purposes for which the sale was made, whether beverage or nonbeverage, and, if for the latter, that the defendant made the sale without being the holder of a legal permit therefor from the proper federal authorities. It is the sale for beverage purposes that is prohibited by the first paragraph of section 1 of Act 39 of Extra Session of 1921, the act under which the charge is laid, and it is the sale for nonbeverage purposes, without the proper permit, that is prohibited by the second paragraph of that section; and both offenses are penalized by section 3 of the act. Therefore, as the bill of information says nothing about the purposes for which the liquor was sold, it is fatally de-

fective. See, in this connection, State v. Bulloch, 151 La. 593, 92 South. 127.

For the reasons assigned, the conviction and sentence appealed from are annulled and set aside, and the case is remanded to be proceeded with according to law and the views herein expressed.