(98 South. 663)

No. 26042.

**STATE v. FANGUY et al.**

(Oct. 29, 1923.  Rehearing Denied by Whole Court Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ⟨⤳⟩240—Finding of guilt of manufacturing held insufficient to support sentence.

A finding that defendant was "guilty of manufacturing intoxicating liquor," without stating that it was for beverage purposes, fails

to embrace an essential of the crime charged, and is insufficient to support sentence.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

John Fanguy and others were charged with manufacturing, selling, disposing of intoxicating liquor for beverage purposes. Defendant named was alone convicted and he appeals. Conviction and sentence set aside, and case remanded.

M. R. Stewart, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, and John J. Robira, Asst. Dist. Atty., of Jennings (A. J. Bordelon, of Marksville, and T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

DAWKINS, J. Defendants were charged in one count of a bill of information with manufacturing, selling, and disposing of intoxicating liquor for beverage purposes. Fanguy alone was convicted, and prosecutes this appeal.

There are two bills of exception in the record, each of similar import, to the overruling of a motion for a new trial and a motion in arrest of judgment, upon the ground that the conviction was contrary to the law and the evidence, and which, of course, present nothing for us to review.

However, defendant has filed in this court an assignment of errors in which our attention is called to the fact that the finding was a special instead of a general, one, in which the court announced that it "finds the said John Fanguy guilty of maunfacturing intoxicating liquor." It does not say "for beverage purposes," and defendant contends that it does not meet the requirements of the statute, and that he has been found guilty of no crime.

We have uniformly held that it was necessary to charge, not alone that an accused manufactured, possessed or disposed of intoxicating liquor but that it was done "for beverage purposes," and, in those cases, that, where the bill failed to include this phrase, it charged no crime. State v. Bulloch, 151 La. 593, 92 South. 127, and authorities therein cited. It follows, therefore, that, where the finding fails to include this purpose, it does not embrace an essential of the crime, and is insufficient to support sentence.

For the reasons assigned, the conviction and sentence are set aside, and the case remanded, to be proceeded with according to law.

Rehearing denied by the WHOLE COURT; O'NIELL, C. J., and ST. PAUL and THOMPSON, JJ., dissenting thereto.