OVERTON, J.
 

 It is charged by affidavit that defendant, a person over the age of 17 years, “did knowingly and willfully encourage, aid, cause and connive at, and did produce, promote and contribute to conditions which caused a child under the age of 17 years to do an act or acts constituting delinquency.”
 

 Defendant, complaining of the vagueness of this charge, asked for a bill of particulars. The state, in answer to this prayer, informed defendant of the name of the young girl he is charged with contributing to the delinquency of, and further informed him that “on the night of July 5, 1931 and early morning of July 6, 1931, the said minor child being under seventeen (17) years of age, -was taken in an automobile by'1 J. J. Ramey out of the state of Louisiana without her parents’ knowledge and late at night was left with a man who had carnal knowledge with the said minor child.” It may be said that the child was left with the man referred to in the bill of particulars, on the return trip, at Shreveport, La., from which city the child was taken.
 

 Defendant, upon the furnishing of the bill of particulars, filed a motion to quash the affidavit on two grounds. The first ground is that the affidavit fails to show that the defendant is not the parent, tutor, guardian, or other person having the custody or control of the child, and the second ground is that it does not appear that the child he is accused , of contributing to the delinquency oi has been adjudged guilty of juvenile delinquency, or in need of the protection and care of the state of Louisiana.
 

 It was unnecessary for the affidavit to negative that the defendant was the parent, tutor, guardian, or other such person, of the child. It is true that the act, denouncing the offense, does not apply to par
 
 *481
 
 ents, tutors, and others similarly situated as to the child, but such persons, though they are named in the very first clause of the act, denouncing the offense, are named in an exception, excluding them from the operation of the act. The exception does not enter into the description of the offense. It is as much a proviso as if it appeared after the enacting clause. Act 169 of 1918. Such being the case, it was not necessary to negative it. If defendant considered, which apparently he did not, that he came within the exception, he should have availed himself of it by way of defense. Code Cr. Proe., art. 22S; 31 C. J. 720.
 

 The second ground of the motion to quash is, like the first, not well founded. It was unnecessary that the affidavit show that the child had been adjudged guilty of juvenile delinquency. The child, by the act of another, may have been brought to a state of delinquency, and yet, for some good reason, may not have been prosecuted for the delinquent act.
 

 The law is not so worded as to require in all instances that the child be first adjudged delinquent. Section 1 of Act 169 of 1918, which denounces the offense of contributing to the delinquency of a child, provides, among other things, that any person “who knowingly or wilfully is responsible for, encourages, aids, causes, or connives at, or who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause any child under the age of seventeen-years to be adjudged guilty of juvenile delinquency, or to be in need of the protection and care of the State of Louisiana as defined by statute or by Article 118 of the Constitution of Louisiana, or cause such child to do any of the acts constituting delinquency as defined by statute or the Constitution, shall be guilty of a misdemeanor, * * *.»
 

 The last clause of this quoted provision clearly makes it an offense for any person to cause such child to do any of the acts constituting delinquency, as defined by statute or the Constitution, without reference as to whether the child has been adjudged guilty of the delinquent act.
 

 Section 10 of Act 30 of 1924, the act relating to the juvenile court of Caddo, defines, among other things, a delinquent child as one who knowingly associates with immoral persons, or who, without the consent of its parents, guardians, or custodians, absents itself from its home or place of abode.
 

 Defendant not only caused the child to absent herself from her home without her parents’ consent, but caused her to associate with an immoral person, by leaving her with such person late at night, who had improper relations with her. Defendant has no cause for complaint.
 

 The judgment is affirmed.