175 So. 63

STATE v. PRIDGEN.

No. 34355.

May 24, 1937.

John B. Hill, of Many, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State.

ODOM, Justice.

Defendant was convicted and fined $301 for selling intoxicating liquors in dry territory. For reversal, he relies on two bills of exception, only one of which need be considered.

The specific charge made in a bill of information filed by the district attorney is that defendant, "Did unlawfully sell intoxicating liquors in Sabine Parish, Louisiana, where the sale of intoxicating liquors is prohibited by law."

The bill closes with the usual clause: "Contrary to the form of the Statute of the State of Louisiana in such cases made and provided and against the peace and dignity of same."

Defendant filed no demurrer, but after conviction and before sentence, his counsel filed a motion in arrest of judgment for "substantial defect patent upon the face of the record, to wit:

"That the Bill of Information in this case fails to allege that the intoxicating liquors alleged to have been sold was for beverage purposes."

The motion in arrest of judgment was overruled, and a bill was reserved.

The trial judge said in his per curiam to this bill that he overruled the motion in arrest because he thought it was not necessary to prove that the liquor was sold "for beverage purposes," and therefore it was not necessary that the bill so allege. In his per curiam to another bill the judge said that "defendant was tried under a State Law and not under an Ordinance."

Evidently the statute under which the prosecution was brought is section 13, Act No. 15, Regular Session of 1934, pages 67, 81, as amended by Act No. 11, Second Extra Session of 1934, and as finally amended by Act No. 1, Third Extra Session of 1934. The last clause of that section as finally amended provides that:

"Whoever shall sell or keep for sale any intoxicating liquors *for beverage purposes,* in any parish, locality, ward, city, town or village of this State, where the sale of intoxicating liquors is prohibited by law or ordinance shall, on conviction, be punished by fine of not less than One Hundred Dollars nor more than Five Hundred Dollars or imprisonment of not less than thirty days nor more than six months." (Italics ours.)

The charge in the bill of information tracks the language of this section of the statute, except that it is not stated that the liquor was sold "for beverage purposes."

Under the statute, it is not necessarily unlawful to sell intoxicating liquors in those subdivisions of the state where the liquor traffic has been outlawed by a majority of the electors voting at a local option election, because under the present local option statute, which is Act No. 17, First Extra Session of 1935, it is provided in section 1 that if a majority of the electors of the parish, ward, or municipality voting at an election called for that purpose shall vote against the sale of intoxicating liquors, "otherwise than when prescribed by a licensed physician as a medicine," the sale of such liquors shall not be permitted. And section 3 of that act reads as follows:

"The State of Louisiana shall not grant permits or licenses for the sale of such liquors, except to druggists for sale when prescribed by a licensed physician as a medicine, in any municipality, ward or parish in which the sale thereof is prohibited, as herein provided."

■ Therefore, whether the sale of intoxicating liquors in dry territory is lawful or unlawful depends upon the purpose for which they are sold. If they are sold by a druggist when prescribed by a licensed physician as a medicine, the sale is lawful. If sold by any one "for beverage purposes," the sale is unlawful. It is not the sale, but the sale "for beverage purposes" that is denounced by statute. It therefore follows necessarily that an indictment or bill which merely charges that a person sold intoxicating liquors in dry territory without the additional charge that the sale was made "for beverage purposes" is fatally defective for the reason that it fails to set forth an essential ingredient or element of the offense denounced by statute. It charges no offense at all.

In prosecutions under section 13, Act No. 15 of 1934, as amended, the omission of the charge that the sale was made for beverage purposes is a "substantial defect, patent upon the face of the record" and not a "defect that is merely formal." The defect being "substantial" and not "merely formal," it is not "cured by verdict" and can be taken advantage of by motion in arrest of judgment. Code of Criminal Procedure, art. 517 et seq.

Section 1, Act No. 39, Extra Session of 1921, known as the "Hood Bill," made it a misdemeanor to manufacture, sell, or in any manner dispose of intoxicating liquors within the state "for beverage purposes."

In State v. Bulloch, 151 La. 593, 92 So. 127, the defendant was prosecuted for selling liquor, the bill charging that he "willfully and unlawfully did sell intoxicating liquors." He was convicted and filed a motion in arrest of judgment on the ground that the bill of information "did not set out any offense known to the laws of the state of Louisiana." The motion was overruled, and on appeal this court held that "The failure to add the words 'for beverage purposes' or any other words having an equivalent meaning was a fatal defect." The court said further: "If any of the ingredients are missing, the indictment is not good." Citing State v. Ackerman, 51 La.Ann. 1213, 26 So. 80.

In seven other cases decided the same day the same ruling was made. State v. McAllister, 151 La. 595, 92 So. 128.

In the following cases the same ruling was made: State v. Hackford, 152 La. 730, 94 So. 371; State v. Mount, 152 La. 733, 94 So. 372; State v. Cruse et al., 152 La. 983, 94 So. 906; State v. Larrivierre, 152 La. 987, 94 So. 908; State v. Fanguy et al., 154 La. 1052, 98 So. 663, 664.

In the latter case it was said that "where the bill failed to include this phrase, it charged no crime." In State v. Wilkerson, 156 La. 881, 101 So. 252, 254, it was said that a bill alleging that a defendant sold liquor without the phrase "for beverage purposes" charged "no offense at all, and had defendant pleaded guilty he could not have

been sentenced." State v. Gremillion, 160 La. 121, 106 So. 716.

In each of the above cases the court had under consideration prosecutions brought under the Hood Bill. But the cases are appropriate here because that act, like the one under which this prosecution was brought, made it a misdemeanor to sell intoxicating liquor "for beverage purposes."

Because article 284 of the Code of Criminal Procedure says that "every objection to any indictment shall be taken by demurrer or by motion to quash such indictment, before the arraignment," and because defendant did not move to quash the indictment, it is argued by the state that the defendant could not urge the invalidity of the indictment in a motion to arrest the judgment. But it was held in two recent cases, both decided after the Code was adopted, that where the defect in the indictment or bill is "substantial" and not "merely formal," the defendant does not, by going to trial without demurring, waive his right to set aside the proceeding by motion to arrest the judgment. City of Shreveport v. Rambo, 169 La. 582, 125 So. 625. State v. McDonald et al., 178 La. 612, 152 So. 308. In the latter case, former statutes and the jurisprudence under them, as well as the provisions of articles 284, 517, and 518 of the Code of Criminal Procedure, were discussed at length.

The district attorney says in his brief that because nothing is said in Act No. 17, First Extra Session of 1935, the present local option law, about selling liquors "for beverage purposes," it was not necessary to allege or prove that defendant sold the liquor for that purpose. But the charge was not brought under that statute, nor could it have been, because that statute does not make it a misdemeanor to sell liquor in dry territory. It is a local option law, which provides that if a majority of the electors of a parish, ward, or municipality vote in favor of prohibiting the sale of intoxicating liquors, the traffic shall not be "permitted" therein. But nowhere in the statute is it said that the sale of intoxicating liquors in dry territory shall be a penal offense. The statute does say, however, in section 6, that in order to make local option effective in dry territory, the governing authorities "may provide for such prohibition by ordinance, and may provide penalties for the violation of such ordinances."

Whether Sabine Parish adopted such ordinances after liquor was voted out is not stated. But it is certain that this prosecution was brought under a state statute, Act No. 15 of 1934, as amended, which does make it a misdemeanor to sell intoxicating liquors for beverage purposes in dry territory.

For the reasons assigned, the motion in arrest of judgment is sustained, the sentence imposed is annulled and set aside, and it is ordered that the accused be discharged.