FOURNET, Justice.
 

 John Bonner was tried, convicted, and sentenced to pay a fine of $100 and to serve thirty days in jail on a charge, by affidavit, before the City Court of Ruston, Louisiana, of having sold “ * * * spirituous liquors within five miles of the Louisiana Industrial Institute, now Louisiana Polytechnic Institute * * * in violation of Act No. 74 of 1898.” His conviction and sentence were affirmed on appeal by the District Court for the Parish of Lincoln and the case is now before us for review on a writ of certiorari granted on defendant’s application.
 

 The defendant also asked for and was granted an order of appeal, based on his attack on the constitutionality of the act under which he was convicted. We are of the opinion that under the facts of this case the defendant was without a right of appeal (Constitution of 1921, Article 7, Section 10) and that the order of appeal, therefore, was improvidently granted and that the appeal must be dismissed.
 

 In our review of the case we find that defendant filed a motion to quash the affidavit in the City Court and also in the District Court, both of which were overruled and to which rulings he reserved bills of exception. The motions are identical and are- based on the ground that the affidavit failed to state or set forth any crime or offense-known to the laws of the State of Louisiana in that (1) Act 74 of 1898 was repealed by implication by the adoption of subsequent legislation (state and federal) on the subject matter, particularly Act 39 of 1921, Extra Session (the Hood Act), and its repeal; (2) that the Constitution of 1921, Art. 12, § 9, in changing the name of the institution and placing it under the jurisdiction of the State Board of Education in effect repealed the act of 1898; (3) that the act by its very terms was made effective from the date of its passage, in contravention of the provisions of Article 42 of the Constitution of 1898, which provided that no statute could be given effect, excepting the appropriations act, until promulgation; and (4) that the affidavit fails to negative the exceptions provided in the act.
 

 The contention that the adoption of Act 39 of 1921, Extra Session, and the repeal of the same by Act 1 of 1933, Extra Session, by implication repealed Act 74 of 1898, was decided adversely thereto by this court in the case of State v. McDonald, 181 La. 547, 160 So. 75. In that case the defendant, as in the case at bar, was convicted of an offense denounced by a special statute (Act 73 of 1896) prohibiting the sale of intoxicating liquor within five miles of the Logansport High School and this court held that the act • was not repealed by Act 39 of' 1921, Extra Session; and its repealing act, Act 1 of 1933, Extra Session.
 

 The contention that the provision of the Constitution of 1921 changing the
 
 *407
 
 name of the Louisiana Industrial Institute to the Louisiana Polytechnic Institute and placing it under the jurisdiction of the State Board of Education as an institution of higher learning in effect repeals the provisions of Act 74 of 1898, is also without merit.
 

 The first paragraph of Section 1 of Article 22 of the Constitution of 1921 expressly states that “ * * * all laws in force in this State, at the time of the adoption of this Constitution, not inconsistent therewith, and constitutional when enacted, shall remain in full force and effect until altered or repealed by the Legislature, or until they expire by their own limitation.”
 

 While it is true that criminal laws should be strictly construed, this rule “ * * * is not to be applied with such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute.” Marr’s Criminal Jurisprudence, Volume 1, p. 61. The purpose of Act 74 of 1898 prohibiting the sale of spirituous liquors within five miles of the Louisiana Industrial Institute was not to protect the school by name only, but to protect the morals and welfare of the student body of the institution.
 

 We now pass to the next contention, that the act was unconstitutional because by its terms it became effective immediately, in contravention of Section 42 of the Constitution of 1898. This, also, is without merit.
 

 “Where the constitutional parts of a statute are wholly independent of the unconstitutional parts, the constitutional parts will be permitted to stand * * State v. Lange, 168 La. 958, 123 So. 639, 642, 67 A.L.R. 1447. In the instant case the part of Act 74 of 1898 providing for the act becoming effective upon its passage is separate, independent, and severable from the part of the act making it a misdemeanor to sell spirituous liquors within five miles of the Louisiana Industrial Institute, and to that extent the act is constitutional.
 

 The last ground urged by the defendant is that the act prohibits the sale “ * * * of spirituous liquors, excepting for Medicinal, Scientific, or Sacramental purposes, within five (5) miles of the Louisiana Industrial Institute * * * ” and the failure of the accusation to negative the exceptions does not set forth or state a crime known to our law within the meaning of the act.
 

 Under the express provisions of the Code of Criminal Procedure, Article 228, “* * * what comes by way of a proviso or exception in a statute must be urged by way of defense.” State v. Ramey, 173 La. 478, 137 So. 859; 31 C.J. 720.
 

 We therefore conclude that the trial judge properly overruled the motion to quash the affidavit.
 

 After defendant’s conviction and before he was sentenced, he filed a motion for a new trial based on the ground that the court was in error in overruling his motion to quash and on the further ground of newly discovered evidence. The trial judge overruled the motion, to which the defendant reserved a bill of exception.
 

 
 *409
 
 ■ “Neither the appellate nor supervisory-jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial except for error of law.” Article 516, Code of Criminal Procedure.
 

 • In disposing of the bill of exception No. 1, we disposed of all of the points of law involved in this case, and the second motion, therefore, leaves nothing further for us to review.
 

 For the reasons assigned the appeal is dismissed. The defendant’s conviction and sentence are affirmed.