**197 So. 745**

**STATE v. WHITE et al.**

No. 35838.

June 28, 1940.

Eugene Stanley, Atty. Gen., and Truett L. Scarborough, Dist. Atty., of Ruston, for the State, plaintiff-appellee.

Hall T. Elder, of Ruston, for defendants-appellants.

O'NIELL, Chief Justice.

The defendants are appealing from a conviction and sentence for "handling and distributing" intoxicating liquor, in violation of an ordinance of the Police Jury of Lincoln Parish, known as the Local Option Ordinance.

There are four bills of exception in the record, but the only one that we have to consider is one which was reserved to the overruling of a motion in arrest of judgment. The district attorney

has moved to dismiss the appeal as far as the three other bills are concerned because they refer to complaints which, if well founded, would only entitle the defendants to a new trial, and they failed to ask the district court for a new trial. The motion to dismiss is founded upon article 559 of the Code of Criminal Procedure, in which it is declared: "No new trial can be granted on appeal unless a motion for same has been made and refused in the lower court". The attorney for the appellants concedes that the three bills of exception are unavailing; hence he is not urging them. The district attorney, on the other hand, concedes that article 559 of the Code of Criminal Procedure has no application to a motion in arrest of judgment, where the defendant complains that there is a defect patent on the face of the indictment or bill of information, and prays not for a new trial but for a dismissal of the prosecution. There is nothing to the contrary in State v. Eubanks, 179 La. 92, 153 So. 31.

In the motion in arrest of judgment the defendants complain that, in the bill of information against them, it is alleged merely that they did handle and distribute the intoxicating liquor, etc.; but it is not alleged that the liquor was handled or distributed for beverage purposes, or that the liquor was handled or distributed "otherwise than when prescribed by a licensed physician as a medicine".

█ In the title of the ordinance on which the prosecution is founded it is said to be "An ordinance prohibiting the business of producing, manufacturing, rectify-

ing, blending, or handling, using, distributing, storing * * * of alcoholic or intoxicating liquors containing more than one-half of one per centum of alcohol by volume, * * * except when prescribed by a licensed physician as a medicine," etc. In the ordinance it is declared to be unlawful to produce, handle or distribute, etc., intoxicating liquor in the parish, "otherwise than when prescribed by a licensed physician as a medicine". The word "except" in the title of the ordinance has the same meaning as the term "otherwise than" in the text of the ordinance.

██ The statute authorizing the parishes and municipalities to adopt local option ordinances, such as the ordinance which the defendants in this case are accused of violating, is Act No. 17 of the First Extraordinary Session of 1935. In the second section of the statute is this proviso: "Provided that this Act shall not authorize the prohibition of the sale of such liquors when prescribed by a licensed physician as a medicine. Where it is contended in any prosecution for the violation of * * * any ordinance enacted pursuant to the authority of this act that any such liquors were prescribed and sold as a medicine, it shall be for the court to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge and with intent to evade the provisions of such laws or ordinances."

The statute, therefore, makes it plain that the complaint which the defendants are making in this case is a matter of defense, to be shown by the defendant in any case

where the intoxicating liquor was in fact "prescribed by a licensed physician as a medicine". It is declared in the statute, virtually, that the question whether the intoxicating liquor was prescribed by a licensed physician as a medicine does not arise in a prosecution for the selling or handling or distributing of such liquor except "where it is contended * * * that any such liquors were prescribed and sold as a medicine". That means, of course, "where it is contended" by a defendant that the intoxicating liquor was prescribed by a licensed physician,—the idea being that the question whether the liquor was prescribed by a physician does not arise unless the defendant raises it.

Article 228 of the Code of Criminal Procedure fits the case exactly, viz.: "It is no objection to an indictment that it does not aver that accused was not embraced within the terms of the proviso of the statute creating the offense; for what comes by way of a proviso or exception in a statute must be urged by way of defense."

Article 228 of the Code of Criminal Procedure is an excerpt from the decision in State v. Lyons, 3 La.Ann. 154, where the court quoted Lord Mansfield, in King v. Jarvis, 1 East's Rep. 643, 646, thus: "It is no objection to an indictment for an offence created by statute, that it does not aver that the accused was not embraced within the terms of the proviso. What comes by way of a proviso in a statute must be urged by way of defence by the accused; otherwise, where the exceptions are in the enacting part of the law, when it must appear in the charge that the accused does not fall within any of them."

The same distinction was made in the following cases, where it was held that, in a prosecution for selling intoxicating liquors in dry territory, it was essential for the indictment or bill of information to allege that the liquor was sold for "beverage purposes," because the statute, Act No. 15 of 1934, section 13, as amended by Act No. 11 of the Second Extra Session of 1934, and as amended by Act No. 1 of the Third Extra Session of 1934, made the selling for beverage purposes an essential element of the crime, viz.: State v. McAllister, 151 La. 595, 92 So. 128; State v. Heckford, 152 La. 730, 94 So. 371; State v. Mount, 152 La. 733, 94 So. 372; State v. Cruse, 152 La. 983, 94 So. 906; State v. Larrivierre, 152 La. 987, 94 So. 908; State v. Fanguy, 154 La. 1052, 98 So. 663; State v. Wilkerson, 156 La. 881, 101 So. 252; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Pridgen, 187 La. 569, 175 So. 63; and State v. Boggan, 187 La. 577, 175 So. 66.

In State v. Pridgen the district attorney argued that if the prosecution had been based upon an ordinance enacted pursuant to Act No. 17 of the First Extra Session of 1935 it would not have been necessary to charge that the selling or handling of the intoxicating liquor was "for beverage purposes"; and the court virtually conceded that that was true.

In State v. Ramey, 173 La. 478, 137 So. 859, it was held that, in an affidavit charging the offense of contributing to the delinquency of a child, in violation of Act No.

169 of 1918, it was not necessary to allege that the party accused was not the parent, tutor or similar custodian of the child, even though the statute in terms excluded them from prosecution.

In State v. Bonner, 193 La. 402, 190 So. 626, it was held that an affidavit charging the offense of selling spirituous or intoxicating liquor within five miles of the State Polytechnic Institute, in violation of Act No. 74 of 1898, was not defective for failure to allege that the sales were for medicinal, scientific, or sacramental purposes, even though the statute in terms excepted such sales from its provisions.

· The conviction and sentence are affirmed.