McCALEB, Justice..
 

 The defendant, a licensed druggist, was charged in two affidavits with selling whiskey for beverage purposes in violation of an ordinance of the City of Minden and an ordinance of the Police Jury of Webster Parish. These charges were consolidated for all purposes in the City Court of Min-den and, after a trial on a stipulation of facts, the defendant was convicted and sentenced to pay a fine of $50 on each charge. From this judgement, he appealed to the Twenty-sixth Judicial District Court for Webster Parish, where the conviction and sentence were, affirmed.
 

 Defendant is now appealing from the affirmance of his conviction by the Twenty-sixth Judicial District Court and he relies upon four bills of exception for reversal of that judgment. Since all of the bills are addressed to the validity of the ordinances of the City of Minden and the Police Jury of Webster Parish, we need not consider them separately.
 

 The principal contention of the defendant is that the City of Minden exceeded its authority in enacting the ordinance under which he was convicted. This point is grounded on the premise that the Charter of the City of Minden (Act No. 226 of 1928) limits the right of the City to prohibit the sale, etc., of intoxicating liquor to cases where the sale is made for beverage purposes, and that, therefore, Ordinance No. 180, under which the defendant is charged,, is ultra vires inasmuch as that ordinance makes it a misdemeanor to-sell intoxicating liquor otherwise than when prescribed by a licensed physician as a medicine.
 

 We are unable to discern merit in the complaint.. The ordinance of the city was passed in conformity with the provisions-
 
 *249
 
 of Act No. 17 of the First Extra Session of 1935, which is a local option statute authorizing any parish, ward or municipality of this State to determine by a vote of the people that the manufacture, sale, use, etc., of all alcoholic intoxicating liquor, otherwise than when prescribed by a licensed physician as a medicine, shall be prohibited. In Section 6 of this statute, it is provided that: “In order to make the local option herein provided for effective in those parishes, wards and municipalities where any of the aforesaid business is prohibited by the vote of the electors, the governing authorities of any parish or municipality may provide for such prohibition by ordinance, and may provide penalties for the violation of such ordinances, * *
 

 The fact that the city charter of Minden limits the power of the city to prohibit the sale of intoxicating liquor when such sale was made for beverage purposes does not restrict the right of the Legislature to enlarge that power by the enactment of a comprehensive local option statute. And it was wholly unnecessary that the city’s charter be specially amended in order to accomplish this result. We, therefore, hold that the ordinance is valid since it was passed in accordance with the authority delegated to all parishes, wards or municipalities throughout the State, which have declared their territory dry, by a vote of the electors, to enact ordinances prohibiting the sale, etc., of intoxicating liquor otherwise than when prescribed by a licensed physician as a medicine. Accordingly, the city was not obliged to prove that the whiskey sold by the defendant was for beverage purposes. Nor was it required that the prosecution show that the sale was made without a prescription of a licensed physician, since that was a matter of defense. See State v. White, 195 La. 1028, 197 So. 745.
 

 The case of City of Minden v. Davis Bros. Drug Co., 195 La. 791, 197 So. 505, relied upon by the defendant is not in point. In that matter, the City of Minden passed an ordinance regulating the prescription of intoxicating liquors as medicine by physicians and the sale thereof by registered pharmacists. The ordinance was held invalid because no power had been delegated to the city in its charter to enact such regulations and, further, because the provisions of Act No. 17 of the First Extra Session of 1935, authorizes the sale, etc., in dry territory, of intoxicating liquor for medicinal purposes by druggists on the' prescription of a physician.
 

 The case of State v. Pridgen, 187 La. 569, 175 So. 63, also depended upon by the defendant, does not sustain his contention. There, the accused was charged with violating Act No. 15 of 1934, § 13, as amended by Act No. 11 of the Second Extra Session of 1934, and by Act No. 1 of the Third Extra Session of 1934, which prohibited the sale of intoxicating liquors for beverage purposes in dry territory. It was held that, in a prosecution under that statute, it was incumbent upon the State to show that the liquor was sold for beverage purposes. But it was conceded in the opinion that, if
 
 *250
 
 the prosecution had been based upon an ordinance enacted pursuant to Act No. 17 of the First Extra Session of 1935 (as in this case), it would not have been necessary to charge or prove that the sale of the liquor was for beverage purposes.
 

 The only other complaint advanced by the defendant refers to the charge made against him under the ordinance of the Police Jury of Webster Parish. While defendant’s counsel asserts that this ordinance is unconstitutional, he does not clearly state in his brief the grounds upon which this contention is based. His argument seems to be premised on the theory that, since the State has prohibited the sale of intoxicating liquor in dry territory and provided penalties therefor, the Legislature was powerless to delegate to the governing authorities of the parishes the right to likewise pass ordinances concerning prohibition and penalize offenders for violations of such ordinances.
 

 Counsel is mistaken in his conception of the power possessed by the Legislature. There is no reason why it cannot penalize persons for selling liquor in dry territory and also authorize the governing authorities of the dry parishes or wards to enact ordinances to effectively prohibit the traffic in liquor within their borders. We cannot perceive that Act No. 17 of the First Extra Session of 1935 delegates any unwarranted authority to the parishes, wards, etc., as contended for by the defendant.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 O’NIELL, C. J., does not take part.