HAWTHORNE, Justice
 

 (dissenting).
 

 I am of the opinion that a specific averment in the information that the defendant’s failure to send his child to school was
 
 unjustified
 
 is not necessary to constitute a valid information in a prosecution under the provisions of Act No. 239 of 1944. The statute in a distinct clause exempts certain classes of children between the ages of seven and fifteen, both inclusive, from the • provisions of the act, and, if defendant’s child came within any of these exemptions or exceptions, that fact should have been urged by way of • defense ' and need not have been negatived by the State in the bill of information. Article 228 of the Code of Criminal Procedure provides:
 

 “It is no objection to an indictment that it does not aver that accused was not embraced within the terms of the proviso of the statute creating the offense; for what comes by way of a proviso or exception in a statute must be urged by way of defense.”
 

 In State v. Coco, 152 La. 241, 253, 92 So. 883, 887, this court said:
 

 “When a statute contains provisions and exceptions in distinct clauses, it is not nec
 
 *624
 
 essary to state in the accusation that the defendant does not come within the exception, or to negative the proviso it contains. 1 Bishop, Crim. Pro., p. 381.”
 

 To the same effect are the following authorities: State v. Kimball et al., 162 La. 242, 110 So. 336; State v. Ramey, 173 La. 478, 137 So. 859; State v. Bonner, 193 La. 402, 190 So. 626; State v. White et al., 195 La. 1028, 197 So. 745.
 

 I am of the further opinion that the bill of information as amplified by the bill of particulars, giving the name and age of the child and the dates on which he failed to attend school, was sufficient to inform the accused of the nature and cause of the accusation against.him as required by the statute and the Constitution of this state.
 

 The majority opinion, in support of its holding that the bill of information in this case was fatally defective and was not cured by the information voluntarily furnished by the district attorney in response to the bill of particulars, and that the motion in arrest of judgment should have been sustained, cites the case of State v. Bienvenue, 207 La. 859, 22 So.2d 196.
 

 In the Bienvenu case, the bills of exception which were considered by this court were based on the proposition that the in-formations were filed, and the defendant was prosecuted, under the provisions of Act No. 70 of 1908, which had been expressly repealed by Article 142 of Act No. 43 of 1942, the Louisiana Criminal Code-The State contended that the information furnished in the answers to the motions-for bills of particulars should have been read into the bills of information, and that, as thus amended the bills of information, definitely charged the defendant with the crime of gambling as denounced by Article 90 of the Criminal Code. This court refused to accept the State’s contention, saying at page 867 of 207 La., at page 199 of 22 So.2d:
 

 “Our conclusion is that the trial judge erred in refusing to sustain defendant’s motion in arrest of judgment in which it is alleged that defendant’s conviction and sentence should be arrested and held for naught for the reason that defendant was prosecuted for an offense denounced by a repealed ' statute and, consequently, there-is no existing statute in this State denouncing the offense for which defendant was convicted and sentenced.”
 

 The writer subscribed to the majority-opinion in the Bienvenu case but in State v. Varnado et al., 208 La. 319, 384, 23 So.2d 106, 128, in a concurring opinion said:
 

 “I cannot, however, subscribe to the-view expressed in the majority opinion to-the effect that a bill of particulars cannot create or cure a defect in the indictment or information in any case.
 

 “In State of Louisiana v. Larry Bienvenu, Jr.; [207 La. 859] 22 So.2d 196, this court found that the prosecutions were in
 
 *626
 
 stitut'ed under Section 1 of Act 70 of 1908, and that this act was expressly repealed by Section 2 of Article 142 of Act 43 of 1942, the Criminal Code. We held that the bills of particulars filed therein could not' be read into the bills of information so as to charge the defendants with the crime of gambling as denounced by Article 90 of the Criminal Code — or, as I understand the holding, that a bill of particulars could never take a criminal prosecution out of the statute on which the indictment or information is based and place it under some other statute; or, still further, that a bill of particulars could not breathe life into an indictment or information based on a statute which has been repealed, so as to place it under some other legal and existing criminal statute.
 

 “For these reasons I subscribed to the majority opinion in the Bienvenu case. I do not consider the holding therein to be inconsistent with, the view _ herein ex^ pressed.”
 

 In State v. Davis, 208 La. 954, 23 So.2d 801, 803, the decision in which became final less than eight months ago, the defendant was charged with the crime of gambling as denounced by Article 90 of the Louisiana Criminal Code, Act No. 43 of 1942, the information charging the offense in the following language: “* * * did commit the crime of gambling as defined by Article 90 of the Louisiana Criminal Code.” The offense charged, that is, gambling, was not one of the specific crimes for which a form of indictment was provided in Article 235 of the Code of Criminal Procedure, as amended by Act No. 223 of 1944. To the information in that case defendant through counsel filed a motion for a bill of particulars, the answer to which showed “That the defendant is charged with committing the crime of Gambling as defined by Article 90 of the Louisiana Criminal Code, in that he did intentionally conduct and directly assist in conducting, as' a business, a game, contest, lottery and contrivance wherein money, bets and wagers on the results of horse races were unlawfully accepted and made by the defendant herein, outside of the race tracks and enclosures, and whereby persons risked the loss of something of value, namely: money, in order to realize a profit in money”. In this court it was contended that the bill of information as filed failed sufficiently to charge any crime and, further, denied the defendant the constitutional right to be informed of the nature and cause of the accusation. In reply to this contention we said:
 

 “The question of whether or not the short form so used herein satisfies the constitutional guaranty that an accused shall be informed of the nature and cause of the accusation against him need not be determined. If the information as originally drafted be defective in that respect, the defect was cured by the answer filed by the district attorney pursuant to the defendant’s motion for a bill of particulars. * * * ”
 

 
 *628
 
 In State v. McCranie 192 La. 163, 187 So. 278, 281, a motion in arrest of judgment was filed on the ground that the information set forth no crime or offense against the laws of the State of Louisiana. The language of the information followed that of Article 833 of the Revised Statutes, under which it was drawn, and this court held that the information “in connection with the answer to the bill of particulars, amply informs the defendant of 'the nature and cause of the accusation against him.’ ”
 

 The defendant in State v. Smith, 179 La. 614, 154 So. 625, 627, reserved' a bill to the overruling of a motion to quash. The indictment charged that the crime was committed on April 10, 1933, but the bill of particulars set forth that the crime was committed on April 28, 1933. This court said that “The effect of the bill of particulars was to amend the indictment so as to fix April 28, 1933, as the exact date on which the crime was committed, thereby restricting the proof to that date.”
 

 In State v. Lemoine, 178 La. 1070, 152 So. 907, 908, defendant was indicted for having set fire to, and burned, a certain unoccupied dwelling house. Before pleading to the indictment, defendant filed a motion for a bill of particulars requesting, among other things, the information as to whether the building which he was accused of burning. was complete or not. The district attorney answered that the building was partially completed, that is, the sides were walled in and it was floored, but there were no doors, no windows in place, no chimney,, and no roof. A motion to quash and a motion in arrest of judgment, based substantially upon the same ground, were overruled by the lower court. This court sustained the motion to quash and set aside the verdict of the jury and the sentence of the court, saying with reference to the bill of particulars:
 

 “The particulars, thus furnished, are deemed, in law, to constitute a part of the bill of indictment, and accordingly defendant filed a motion to quash ‘ the indictment * * *.
 

 “A building to constitute a dwelling house, within the intendment of the statute, must be complete, and not one, Which, though designed for such a house, is in process of construction, and which, as a consequence, has not yet been occupied. The .building in this case, which is alleged to be a dwelling house, being in course of construction at the time of its destruction, was obviously not such a house, and the indictment is therefore fatally defective. * * * ”
 

 In State v. Miller, 170 La. 51, 127 So. 361, 362, the defendant was charged, in the form prescribed by Article 235 of the Code of Criminal Procedure, with the crime of larceny of $600.00 in money. Defendant filed a motion for a bill of particulars, and the information requested was furnished by the district attorney. Before the case was taken up, defendant filed a motion to quash the indictment, which was sustained by the
 
 *630
 
 •district court, and the State appealed. On appeal the judgment was set aside, the motion to quash was overruled, and the case was remanded to the court below. We said:
 

 “The ruling of the [lower] court was based solely on the ground that the indictment did not give the name of the owner of the money charged to have been stolen, which omission, in the opinion of the court, was an essential allegation in an indictment for larceny, and was not a mere matter of defect of form which could be cured by amendment.
 

 * * * * * *
 

 “In the instant case, however, the defendant called for the name of the owner of the money alleged to have been stolen and it was furnished to him.
 

 “If, therefore, there was any defect in the indictment as originally returned and filed, that defect was cured at the request of the defendant himself.
 

 “The indictment as amplified by the answer to the motion for a bill of particulars fully complied with the constitutional requirement that the accused shall have the right to be informed of the nature and cause of the accusation against him.”
 

 Conceding that the majority opinion is correct in finding that the information in this case was defective, I cannot subscribe to the view that it was fatally defective. In my opinion, under the- authorities hereinabove cited and discussed, any defect therein was cured by the answers to the motion for the bill of particulars.
 

 It may be necessary, as pointed out in the majority opinion, that the State “must, on the trial of the case, show the prosecution was initiated through the proper authority with the approval of the parish superintendent of education.” However, it is not necessary for this court to decide that point in this case, as, in my opinion, it is not an issue herein and was not raised or urged in the motion in arrest of judgment filed by the defendant,'which motion, in the opinion of the majority, should have been sustained.
 

 For the reasons given above, I respectfully dissent.