[1] Appellant was charged, tried and convicted of operating a blind tiger at his drug store in the town of Logansport, DeSoto Parish, which is dry territory. After being sentenced to pay a fine of $400 and costs, he prosecuted this appeal.
[2] Three bills of exception were reserved in the trial court but they apparently have been either abandoned (not argued orally or in brief) or have been interwoven with other contentions so that the case presents three grounds (said to be patent on the face of the record) for a reversal of the conviction.
[3] The first contention is that the Blind Tiger Act, Act 8 of the Ex.Sess. of 1915, has been repealed. The case of State v. Carter, 179 La. 156, 153 So. 676, is said to support this proposition.
[4] Section 1 of Act 8 of the Ex.Sess. of 1915 defines a blind tiger to be "any place in those subdivisions of the State where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away" or any place in such subdivisions where the sale of intoxicating liquors is prohibited where such liquors are kept for sale, etc. in connection with any business conducted thereat.
[5] Act 39 of 1921, Ex.Sess., the Hood Act, the general prohibition law passed to conform with National prohibition, did not repeal the Blind Tiger Act — for in Section 10 thereof, it was specifically provided that that Act was to remain in full force and effect. Thereafter, when the Hood act was repealed by Act 1 of the Ex.Sess. of 1933, the Blind Tiger Act was not affected in any way. Of course, prior to the enactment of the present Local Option Law, Act 17 of the First Ex.Sess. of 1935, no prosecutions could be maintained under the Blind Tiger Act for the simple reason that there were no subdivisions within the State wherein the sale of intoxicating liquors was or could be prohibited. But, since the passage of the local option law and the adoption of ordinances in various subdivisions prohibiting the sale of intoxicating liquors, the Blind Tiger Act has the same force and effect which it had prior to the adoption of the Hood act.
[6] This conclusion is fully fortified by the decision in State v. Carter, supra, upon which appellant relies. In that matter, the defendant was charged with having violated the Blind Tiger Act on December 7, 1933. He moved to quash the information on the ground that the Hood act had repealed the local option law, Act221 of 1902, in effect at that time; that local option had not been revived by the repeal of the Hood act and that, therefore, there was no subdivision in the State on December 7, 1933 wherein the sale of intoxicating liquor was prohibited. The court sustained the contention holding that, since the local option law was not revived by the repeal of the Hood act, the Blind Tiger Act was in a state of "innocuous desuetude".
[7] Obviously, then, coexistent with the enactment of the local option law in 1935 and the passage of ordinances prohibiting the sale of liquor in various subdivisions, the Blind Tiger Act has emanated from its state of harmless inefficacy and regained its former potency.
[8] The second contention of appellant is that, since he was operating a drug store and selling liquors for medicinal purposes under various permits (State and Federal), he cannot violate the Blind Tiger Act because that law prohibits only the unlawful keeping of intoxicating liquors for sale. Two points are made under this proposition (1) that appellant's keeping of liquor was a lawful and licensed keeping for sale and (2) that, since there are no subdivisions of the State where the sale of liquor is prohibited when the sale is made by a licensed pharmacist on prescription of a licensed physician, a duly licensed drug store cannot be a blind tiger.
[9] The short answer to both propositions is that they involve the determination of questions of fact of which this court is without jurisdiction under Section 10 of Article 7 of the Constitution. The indictment charges appellant with operating a blind tiger in that he was unlawfully keeping intoxicating liquors for sale in his drug store which is located in dry territory. Whether the keeping of the liquors was an unlawful keeping is purely a question of fact — for, surely, it cannot be seriously argued that, because appellant operated a drug store under a license, he is immune from prosecution for violation of the Blind Tiger Act even though his liquor sales were for beverage purposes. And his declaration that the liquors kept by him were for medicinal purposes does not affect the validity of the indictment; it can only be asserted as a matter of defense. Section 2 of Act 17 of the First Ex.Sess. of 1935, Local Option Law, declares, in part: "Where it is contended inany prosecution for the violation of any law of thisState or any ordinance enacted pursuant to the authority of this act that any such liquors were prescribed and sold as a medicine, it shall be for the court to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge and with intent to evade the provisions of such laws or ordinances." (Italics ours.) See also State v. White, 195 La. 1028, 197 So. 745.
[10] Defendant's final proposition is that his conviction cannot stand because the sales were made by a licensed pharmacist at a time when he was not present, nor was he shown to aid, assist, or abet the actions of the pharmacist.
[11] This complaint manifests only a question of fact. It addresses itself to the sufficiency of the evidence rather than the absence of any proof on which a judgment of conviction might be based.
[12] The conviction and sentence are affirmed.
[13] O'NIELL, C. J., takes no part.
[14] On Rehearing