### No. 12,028.

### STATE OF LOUISIANA VS. JESSIE SCOTT.

An information framed in the language of Article 852, Revised Statutes, charges an offence under the laws of the State. The offence of entering a dwelling with the intent to kill and the stabbing of a person therein, with intent to kill, may be prosecuted in one indictment.

It is not necessary, under the Section 854 of the Revised Statutes, to charge that the person stabbed was lawfully in said house.

The closing of the information " contrary to the form of the statute" etc., applies to each count and it is not necessary to insert these words after the several counts.

Formal defects in an indictment, and duplicity alleged therein, are cured by verdict.

District Judges are authorized to order special jury terms at which both civil and criminal cases can be tried.

APPEAL from the Twentieth Judicial District Court for the Parish of St. James. *Guion, J.*

*M. J. Cunningham*, Attorney General, and *O. D. Billon*, District Attorney, for Plaintiff, Appellee.

*Edward N. Pugh* and *H. L. Himel* for Defendant, Appellant.

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

McEnery, J. The defendant was indicted under Sec. 854, Revised Statutes, which says: "Whoever, with intent to kill  *  *  * shall in the night time enter, without breaking, a dwelling house  *  *  *  on conviction shall be imprisoned at hard labor not exceeding five years, and fined not exceeding one thousand dollars."

The defendant was convicted and sentenced to hard labor for five years and to pay a fine of one dollar and costs. The defendant appealed from the verdict and sentence. A motion in arrest of judgment was filed on the grounds, (1) that the information set forth no crime under the laws of the State; (2) that the information is fatally defective in attempting to charge defendant with two separate and distinct all.ged offences, having no connection or relation to each other; (3) that the "first count is fatally defective in failing to allege and set forth that the intent to kill, 'tho' wilfully and with malice aforethought, and in failing to allege that said Lorenzo Todd was lawfully in said house;" (4) that the first count is also defective in not ending with the words "contrary to the form of the statutes of the State of Louisiana in such cases made and provided."

The information charges that the defendant feloniously in the night time did enter the dwelling house of Lorenzo Todd with the intent feloniously then and there to kill the said Lorenzo Todd, being at the time in said dwelling house, and the second count is that the said Jessie Scott then and there on the 8th day of March, 1895, with force and arms did wilfully, feloniously, and of his malice aforethought, stab one Lorenzo Scott, etc.

The information is in the language of the statute, and charges in the first count a crime "known to the laws of Louisiana." It was not essential to charge that Lorenzo Todd was lawfully in the dwelling house, as the statute does not make his being there lawfully a

part of the description of the offence, and it is nowhere mentioned in the statute. The objection, in quotation marks, to this part of the indictment is indefinite, but we construe it to mean that, although the information charges that the stabbing was done wilfully and maliciously, it failed to state that the person stabbed was lawfully in the dwelling house.

The second count is closely and intimately connected with the first and grew out of the same transaction, and was the execution of the offence denounced by the statute with entering with intent to kill. The entire transaction was but one offence, and so construed by the trial judge in inflicting the penalty. The jury entered a verdict of guilty to each count, but this was responsive to the charge in the information of entering with intent to kill. State vs. Ely, 35 An. 895; State vs. Nicholls, 37 An. 779; State vs. Brown, 35 An. 1058.

It is not necessary to make a separate conclusion, in each case, in a single count in an indictment. State vs. Russell, 33 An. 135.

The concluding words in the information necessarily referred to the several courts therein, and their repetition after each count would be useless tautology. In this proceeding both offences could have been charged in the same count, as the second, as stated, was but a consummation of the intention to enter and kill. The two offences grew out of the same act, and are properly charged in the same indictment. State vs. Pierre, 38 An. 91; State vs. Hendricks, 38 An. 682.

The alleged defects of duplicity and the formal matter complained of, the omission to charge in the conclusion of each count, "contrary to," etc., were cured by the verdict.

There was a motion filed for a new trial on the ground that the verdict was null and void for the reason that the trial was had at a civil term of the District Court. There is no complaint as to the drawing and empaneling of the jury, but on the sole ground that there is no authority for a jury to be drawn to try a criminal case at a civil term of the District Court.

Article 117 of the Constitution says, "at other jury terms, the General Assembly shall provide for special juries when necessary for the trial of criminal cases." Sec. 1 of Act No. 152 of 1894 provides that the district judges of the several districts may provide for any civil term in any parish, when in their discretion it may be required. Under the conviction that a jury should be drawn for the next trial

term, the District Judge ordered the drawing of the same in accord-
ance with law. The judge was by this act authorized to cause the jury
to be drawn. It is true the act does not say that the juries so drawn
shall be fore the special purpose of trying criminal cases, but it is
not inconsistent with the article, as a jury is provided for the court
which has jurisdiction to try criminal cases.

The court having jurisdiction, and the jury having been drawn
strictly in accordance with the law, we do not see where the defend-
ant has suffered any injury. He has been deprived of no right.

But the point presented has been disposed of in the cases of State
vs. Claude, 35 An. 71, and State vs. Chandler, 36 An. 177, in both of
which it was held that Article 117 of the Constitution and Act 77 of
1880 contain nothing inconsistent with previously existing laws au-
thorizing district judges to call special jury terms to transact busi-
ness, both civil and criminal, thereat. But the defence is improper-
ly urged in a motion for a new trial, and is no ground for the same.
State vs. Ben Dickerson, just decided.

Judgment affirmed.