201 So.2d 277

**STATE of Louisiana**

**v.**

**Amos BROWN.**

**No. 48530.**

June 30, 1967.

Donald R. Miller, Shreveport, for defendant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Billy R. Robinson, City Atty., for appellee.

HAMLIN, Justice:

Defendant, Amos Brown, was charged by affidavit alleging that on November 13, 1966 he "did commit the crime of Vagrancy in that he is a person who does loaf the streets habitually or who frequent the streets habitually at late or unusual hours of the night, or who loiter around any public place of assembly, without lawful business or reason to be present." LSR–R.S. 14:-107.[1] After trial, he was adjudged guilty and sentenced to serve nine months imprisonment in the parish jail. He appealed.

■ No perfected bills of exceptions appear in the record, nor was the testimony of the witnesses recorded or transcribed. There is nothing in the trial of the case itself before the Court. Defendant filed no brief in this Court. Hence, we review the case only for errors patent on the face of the record. LSA–R.S. 15:502; State v. Bennett, 235 La. 987, 106 So.2d 443, and the authorities therein cited; State v. Bowen, 248 La. 549, 180 So.2d 700; State v. Sanford, 248 La. 630, 181 So.2d 50.

■ Our examination of the record discloses no such error.[2]

We now pass to a discussion of defendant's motion for new trial.

The record discloses that on November 13, 1966, a warrant was issued for the arrest of defendant. On December 1, 1966, he appeared in open court and requested a continuance to December 15, 1966; the continuance was granted. On December 15, 1966, defendant was arraigned and pleaded not guilty. After trial on said date, the court found the defendant guilty and remanded him for sentence on December 22, 1966. On that date, Donald R. Miller, Attorney, appeared on behalf of defendant and was granted a continuance to December 29, 1966. On December 29, 1966, Mr. Miller filed a motion for new trial; the motion was denied and defendant was sentenced to serve the term supra.

The motion for new trial is based upon the following grounds:

1. "(7) Persons who loaf the streets habitually or who frequent the streets habitually at late or unusual hours of the night, or who loiter around any public place of assembly, without lawful business or reason to be present; or

"* * * *

"Whoever commits the crime of vagrancy shall be fined not more than two hundred dollars, or imprisoned for not more than nine months, or both. * * * *" LSA–R.S. 14:107.

2. During argument the State conceded that the offenses enumerated in the statute were not charged conjunctively, LSA–R.S. 15:222, but it correctly urged that if the affidavit is duplicitous, the objection of duplicity cannot now be urged, as no demurrer or motion to quash the affidavit was filed before the taking of evidence or the rendition of the judgment of guilty. LSA–R.S. 15:221; State v. Scott, 48 La. Ann. 293, 19 So. 141.

"I.

"Defendant was initially arrested and brought to the Bossier City Police Station where he was subjected to the customary processing accorded arrested prisoners and submitted to intensive interrogation and subsequently incarcerated, all without the benefit of counsel and with disregard of his constitutional right to have an attorney appointed for him and with disregard of his constitutional right to have an attorney explained to him, all to the detriment of the defendant herein.

"II.

"Subsequently your defendant was tried on December 15, 1966, and convicted of vagrancy in spite of the fact that the defendant had no opportunity to call witnesses of his own, whose testimony would have been materially helpful to his defense and would in fact exonerate him from the charge of vagrancy, all of which circumstances the defendant could have undoubtedly avoided and/or made provision for had he had the benefit of an intelligence defense provided by either a Court appointed attorney, or an attorney of his own choosing."

The record further discloses that on December 1, 1966, and prior to the arraignment and trial of the defendant on December 15, 1966, the trial judge delivered the following remarks in open court to·all who were to be tried before him that day, at which time defendant was present:

"Ladies and Gentlemen * * *

"To protect your interests as well as those of this Court, I want to acquaint you with the procedure of this Criminal Court Session and to fully inform you of your legal rights *before* your case is called.

"Whether you have been a defendant before and whether you are represented by an attorney, I urge you to listen carefully to avoid misunderstanding later on.

"The charge against you is identical to the charge set out in the complaint that has been filed in this Court. If you do not understand this charge, ask to have it explained to you when you come before the bench.

"You must answer the charge by making a formal plea of guilty or not guilty. If you plead guilty, it means you admit the charges are true. At an impartial hearing you will have an opportunity to inform the Court of the circumstances pertinent to the charge. Your case will then be disposed of according to the law.

"If you plead not guilty, it means that you honestly believe you did not violate the law as charged and that your conduct was justified. Since the law entitles you you to an impartial hearing or trial, you should not hesitate to plead 'not guilty' if you are in doubt.

"Regardless of how you plead, you have certain legal rights. Among them are * * * the right to engage a lawyer, if you wish, and if you do, you should consult him as soon as possible. You may request a continuance of your case so you can hire a lawyer and he can have time to prepare a proper defense in your behalf.

"You also have the right to call any witnesses to testify for you, and if necessary, the Court will issue and serve subpoenaes to assure the appearance of your witnesses.

"If your case goes to trial, you have the right to testify or not to testify in your own defense. Since no two cases are exactly alike, you may have other rights which may be brought to light during your trial. Do not hesitate or be afraid to ask about them or to assert your rights as a defendant.

"If you plead 'not guilty', the prosecution is required to produce its witness or witnesses to testify as to the charges against you.

"You, or your lawyer, has the right to cross-examine any witnesses against you. You will have ample opportunity to present your defense after the prosecution closes its case.

"When all the evidence has been presented, the prosecutor and you, or your lawyer, have the right to give a brief, final argument before the Court. Based the Court will render a verdict of guilty on the evidence and according to law or not guilty.

· "If the finding is not guilty, the complaint against you will be dismissed and you will be discharged. If the verdict is guilty, this Court will take into consideration the seriousness of the violation and extenuating or mitigating circumstances, if any, before determining the degree of punishment.

"When your name is called, advance promptly in front of the bench and answer to your name."

The extracts from the Minutes appearing in the record disclose that the above opening remarks were delivered by the trial judge on December 22, and 29, 1966, also.

■■ We find that defendant was advised of his rights and of his right to have counsel.[3] Cf. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

For the reasons assigned, the conviction and sentence are affirmed.

---

3. It is not our understanding that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, applies to misdemeanor cases. Cortinez v. Flournoy, 249 La. 741, 190 So.2d 909, certiorari denied, 385 U.S. 925, 87 S.Ct. 314, 17 L.Ed.2d 222; State v. Thomas, 249 La. 742, 190 So.2d 909.