212 So.2d 424

**CITY OF WEST MONROE**

v.

**Willie DUNAWAY.**

No. 49007.

June 28, 1968.

Paul Henry Kidd, Ruston, for appellant.

Charles E. Joiner, Asst. City Atty. for City of West Monroe, for plaintiff-appellee.

HAMLIN, Justice.

Defendant appeals from his conviction of a violation of Article 65 of Ordinance No. 1357 of the City of West Monroe and his sentence to pay a fine of $500.00 and costs, or in default of payment of fine and costs to serve six months in jail.

By Bill of Information, filed November 15, 1967, defendant was charged with disturbing the peace by appearing in public in an intoxicated condition. The Minutes of Court reflect that upon arraignment, a plea of "Guilty" was entered on behalf of the defendant by his attorney. Sentence was imposed,[1] and a stay of execution was granted until November 17, 1967.

675

676

The Minutes of Court further reflect that on November 16, 1967, a motion for appeal was filed; that on November 20, 1967, suspensive appeal orders issued on behalf of the defendant to the Supreme Court of Louisiana, returnable December 18, 1967. The bond was fixed at $510.00; no bond was made. No bond was made as of December 15, 1967. In brief filed in this Court, the Assistant City Attorney for the City of West Monroe alleges that as of June 4, 1968, no bond had been filed.

The record was filed in this Court on December 18, 1967. It contains the Minutes of Court, Bill of Information, Warrant, Ordinance No. 1357, Motion for Appeal, and Certificate of the Clerk of the City Court of West Monroe, Louisiana. There are no Bills of Exceptions or Transcript of Testimony included.

On the day set for argument in this Court, June 6, 1968, counsel for the defendant appeared. He orally averred in argument (no brief had been filed) that defendant's constitutional rights had been violated.

We have reviewed the record filed in this Court and find no error patent on its face. Article 920, Code of Criminal Procedure.

Under the circumstances of this case— no testimony, no perfected Bills of Exceptions, no brief filed on behalf of appellant, and no error patent on the face of the record—there is nothing for us to review. State v. Brown and authorities therein cited, 250 La. 1023, 201 So.2d 277.

For the reasons assigned, the conviction and sentence are affirmed.

SUMMERS, J., concurs in the decree only.

1. Sec. 4 of Ordinance No. 1357 provides in part: " * * * the violation of, or failure to comply with any provision of this Code, or any amendments to such Code, shall be punished by a fine not exceeding Five Hundred and No./100 ($500.00) Dollars and confinement for a term not exceeding Six (6) Months, or both, such fine and confinement, within the discretion of the Court, together with court costs. Each day any violation of, or failure to comply with, any provision of this Code continues shall constitute a separate offense."